STATE OF MISSOURI at the relation of GEORGE A. S. ROBERTSON, Superintendent of the Insurance Department of the State, Relator, v. NIKE G. SEVIER, Judge of the Circuit Court of Cole County.—115 S. W. (2d) 810.

Court en Banc, April 21, 1938.

*Charles L. Henson* and *William H. Becker* for relator.

*Mayer, Conkling & Sprague* for respondent.

FRANK, J.—Relator seeks to prohibit the Circuit Court of Cole County from taking further cognizance, or from making any fur-

ther orders whatever, in the case of The American Constitution Fire Assurance Company et al. v. George A. S. Robertson, Superintendent of the Insurance Department of the State of Missouri.

On December 30, 1929, all stock fire insurance companies transacting business in Missouri promulgated an increase of 16⅔ per cent in fire and windstorm insurance rates in Missouri, notified the Superintendent of Insurance of the proposed increase in rates and requested his approval thereof. Thereafter, on May 28, 1930, the Superintendent of Insurance made an order refusing to approve the proposed increase. Seventy-four stock fire insurance companies brought a joint action in the Circuit Court of Cole County to review the order of the Superintendent of Insurance refusing to approve such proposed increase. That case was styled, The American Constitution Fire Assurance Company et al. v. R. E. O'Malley, Superintendent of the Insurance Department of the State of Missouri. Since the institution of that review action George A. S. Robertson succeeded R. E. O'Malley as Superintendent of Insurance and was substituted as respondent in said action in the place of said R. E. O'Malley. During the pendency of that action the companies collected from the policyholders the proposed increase in rates in violation of Section 5876, Revised Statutes 1929, which prohibits the collection of a proposed increase until after same has been duly approved by the Superintendent of Insurance. That section of the statute reads as follows:

"Special and specific notice and schedule of any increase in rates made by any bureau, insurance company or other insurer after February 23, 1915, and before this article takes effect, shall be filed with the superintendent of the insurance department immediately upon the taking effect of this article, and unless approved by him such increase shall hereafter be deemed unreasonable and unjustifiable and it shall be unlawful for any insurance company or other insurer to charge or collect such increased rate until after the same has been duly approved by the superintendent of the insurance department."

The amount collected from the proposed increase in violation of above statute was impounded in the registry of the circuit court. Thereupon that court appointed a custodian of said fund, a lawyer to advise said custodian, and authorized said custodian to employ a stenographer and necessary clerical help, and to purchase necessary stationery and supplies and to rent, furnish and equip a suitable place in which the work of the making and keeping the records and discharging the other duties imposed upon him from time to time by the court, incident to his duties as custodian, could be performed. For all of which the court allowed and ordered paid

out of said fund the total sum of $133,411.14, the major part of which was paid to said custodian and his attorney.

In the companies' joint action to review the superintendent's order refusing to approve the proposed increase in rates the circuit court dismissed the companies' bill and adjudged that the impounded funds be disbursed among the policyholders lawfully entitled thereto, subject to such lawful claims, if any, as might be a lawful charge against such fund. The companies appealed from that judgment to this court. In disposing of that appeal we held that the circuit court did not have jurisdiction of the subject matter of the action, and that all orders made and judgments rendered by that court were null and void and of no effect except its judgment dismissing the cause and ordering the impounded funds returned to the policyholders, for the reasons stated in that opinion which we need not repeat here. [American Constitution Fire Insurance Co. et al. v. O'Malley, Superintendent of Insurance, 342 Mo. 139, 113 S. W. (2d) 795.] Our judgment in that case concluded in the following language:

"The judgment below set aside the referee's report, dissolved the injunction theretofore issued in said cause, dismissed plaintiffs' bill and adjudged that the impounded funds be disbursed among the policyholders lawfully entitled thereto, subject to such lawful claims and demands, if any, as might be a lawful charge against such fund. Since the court below had no jurisdiction of the cause, its judgment undoing what it had theretofore done in said cause, then dismissing the cause and adjudging that the impounded fund be disbursed among the policyholders lawfully entitled thereto, reached the right result regardless of the reasons which prompted the court to so adjudge. For that reason the judgment should be and is affirmed, and cause remanded, with directions to the trial court to immediately return said funds from the registry of the court to the Superintendent of Insurance, the lawful custodian thereof, for distribution by him to the policyholders."

When our mandate reached the circuit court the only thing that court did was to swap custodians. While its judgment entered on our mandate recognizes the Superintendent of Insurance as the lawful custodian of the funds and orders that such funds be delivered to him, it retains jurisdiction to supervise the distribution of said fund, to pass upon all claims heretofore or hereafter made against the fund, and requires the Superintendent of Insurance to make periodical reports of his doings to the court. In short that court is attempting to proceed in said cause in the future as in the past with the single exception that it will use a new custodian instead of the old one it had theretofore appointed. In addition to this the judgment again adjudicates the validity of the claims heretofore

allowed to the custodian and his attorney, in spite of the fact that the validity of such claims is now pending in this court on appeal. The judgment, among other things, recites the following:

"For the services of the custodian, his counsel and his employees, and for the necessary incidental expenses incurred by him in the discharge of his duties there was paid out of the impounded funds the total sum of $133,411.14, the details of all which fully appears from the reports filed from time to time by the custodian and other records of this Court. All of said expenditures were at the time approved by the Court and were made pursuant to its orders. And the Court now here finds and adjudges that the said expenditures were reasonable and necessary for the preservation of said fund and the making and keeping of the records as aforesaid, and that, there being no other moneys or funds available to the Court with which to pay for the services rendered in that behalf, they were proper and lawful charges against said funds.

"The amount of the impounded funds now in the registry of the Court, being the total receipts less the expenditures as aforesaid, is the sum of $1,651,986.53. It is therefore ordered by the Court, pursuant to said mandate, that the Clerk of this Court turn over said sum of $1,651,986.53 to the Defendant, George A. S. Robertson, as Superintendent of the Department of Insurance of the State of Missouri, taking his receipt therefor. It is further ordered by the Court that the records made and compiled by the custodian of said funds under direction of the Court be kept and retained by the Clerk of this Court as part of the records of this Court, and said Clerk is ordered and directed to make such records available to the Superintendent of Insurance as custodian. It is further ordered that said defendant immediately distribute said sum among the persons lawfully entitled thereto as shown by the records of this Court, after the payment of all lawful claims and demands as constitute proper charges against said fund *under the orders and judgments of this Court heretofore or hereafter made,* and make reports to this Court on the first day of each term of Court thereof, being the first Monday in February, the Third Monday in May and the first Monday in October, of his proceedings under this order, accompanied by receipts and vouchers for all moneys paid out by him. The Court retains jurisdiction herein until the foregoing order respecting the distribution of the funds be fully complied with." (Italics ours.)

This judgment recites, in effect, that the court retains jurisdiction of the cause for the purpose of passing upon all claims made against the fund and to control and supervise the distribution of the fund, all in the face of our mandate that such court had no jurisdiction to make any order except to dismiss the cause and order the fund

returned to the policyholders. The trial court could not acquire jurisdiction by reciting in its judgment that it retained jurisdiction which this court held it never had.

We take the following statement from relator's petition:

"That this is a matter of great public importance involving the distribution of this fund to its owners and involving the official conduct of your relator as Superintendent of the Insurance Department of the State of Missouri; that your relator has no adequate remedy by appeal or writ of error and must have a speedy and final determination of the extent of the supervisory jurisdiction of the Circuit Court of Cole County over your relator as custodian of these funds. That your relator cannot safely arrange for the safe-keeping of these funds, cannot commence the distribution thereof, cannot determine from what source the costs of distribution shall come, cannot determine in what manner claims and demands against the funds shall be heard, cannot determine from what source payment shall be made for expenses in connection with the conduct of this litigation until this Court makes a determination of the extent of the authority of the Circuit Court of Cole County in the premises.''

It will be time enough for this court to rule these questions when they are properly presented to us in a case of which the court has jurisdiction where and when we can speak authoritatively on such questions.

The following statement appears in respondent's brief:

"The fact that the fund was taken from the policyholders under a void order, and that it was assembled in the registry of the court under orders made beyond the jurisdiction of the court, does not prevent or in any way militate against the jurisdiction of the court in seeing to it that, as nearly as may be, the parties who had unlaw-fully collected the fund and the parties from whom the fund had been collected are placed *in status quo*. It has been held generally that where a court has erroneously exercised jurisdiction which it did not possess, it nevertheless has jurisdiction to proceed, as far as is practicable, to correct the wrong done, by placing the parties as nearly as may be *in status quo*.''

We agree with respondent's statement of the law, but it has no application here because the wrong done by the circuit court was corrected when we ordered that court to deliver the fund to the Superintendent of Insurance, the lawful custodian thereof, for dis-tribution by him to the policyholders, which has been done.

For the reasons stated, our rule in prohibition should go. Since we heretofore decided the question of the circuit court's jurisdiction in the very case in which relator now seeks prohibition, no useful purpose would be served in prolonging that litigation by granting a provisional rule and setting the case down for argument and sub-

mission at some later date. An absolute rule in prohibition should be granted at this time. It is so ordered. *Hays, C. J., Gantt* and *Douglas, JJ.,* concur; *Tipton, J.,* dissents in separate opinion in which *Ellison* and *Leedy, JJ.,* concur.

---

TIPTON, J. (dissenting).—I do not believe we have jurisdiction to issue an absolute writ of prohibition on a mere application therefor. The record in this case shows the respondent has not waived the issuance of a provisional rule. I think the provisional rule should issue, so that the respondent may be given an opportunity to either admit or deny the facts set forth in the application and an opportunity for a hearing on the issues there made. Otherwise, he is denied his day in court. He is denied due process of law as guaranteed both under our State and Federal Constitutions. *Leedy* and *Ellison, JJ.,* concur.

## ADDENDUM

TIPTON, J.—A reply to what is said above in this dissenting opinion has just been circulated. This necessitates the addition of a few words. Both the principal opinion and the reply proceed on the theory that American Constitution Insurance Company et al. v. O'Malley, 342 Mo. 139, 113 S. W. (2d) 795, decided last February, held that the Circuit Court of Cole County had no jurisdiction of the *cause of action.* That is not the fact. The opinion in that case received a carrying vote only as to the *result,* namely, that the judgment of the circuit court be affirmed and the impounded funds be turned over to the Superintendent of Insurance. HAYS, J., may have concurred in the result because he believed the cause should be affirmed *on the merits.* As a matter of fact, the files of the court show he was of that opinion and thought as late as last December that the circuit court *did* have jurisdiction of the cause of action. Therefore, the reasoning and conclusion to the contrary in that decision did not represent the views of a majority of the judges of this court.

Judge Hays was recorded as concurring in the majority ruling in the instant prohibition case, which possibly may be thought to indicate he has changed his views on the question of jurisdiction. (I do not know, since he has been absent during the times herein mentioned, on account of illness, and his vote has simply been recorded.) But whether he has or has not, the fact cannot operate retroactively and give the American Fire Insurance Company case any authoritative effect that it did not have when handed down. Neither could respondent know several days ago when he filed his suggestions in opposition to the issuance of a writ of prohibition

herein that it would not be claimed the opinion has an effect it did not have when it was decided.

The practice followed by this court without deviation has been that where an application for a writ of prohibition is filed, the application will either be denied or a provisional rule in prohibition issued, except where the respondent by a demurrer or motion for judgment on the pleadings, formally admits the truth of the allegations in the application. Even then he admits them only for the purposes of the writ and does not concede they are actually true. [State ex rel. Jackson County v. Waltner, 340 Mo. 137, 144 (3), 100 S. W. (2d) 272, 276 (4).] In determining whether we issue the provisional rule we look only to facts stated in the application. [State ex rel. Haughey v. Ryan, 180 Mo. 32, 79 S. W. 429.] Consequently, a respondent in his suggestions in opposition to the issuance of the provisional rule should assume the facts stated in the application to be true. It is evident from the face of respondent's suggestions in opposition to the issuance of the provisional rule that he did not intend to submit the cause on the allegations of the relator's petition without oral argument. His right to brief and argue the case is plain, in view of the fact that American Constitution Fire Insurance Co. v. O'Malley, supra, is not controlling authority for anything it says other than the result. If the circuit court did have jurisdiction of the cause and the same were affirmed on the merits, quite a different question would be presented from that decided in the principal opinion here.

It is announced that Judge Hays will be present at the May Term of this court en banc, and thereafter, when the cause could be heard by the whole court. To prevent this by the summary issuance of a writ absolute seems to me an injustice. *Ellison* and *Leedy, JJ.,* concur.

## REPLY TO DISSENTING OPINION

FRANK, J.— ■ In the dissenting opinion it is asserted that this court does not have jurisdiction to grant an absolute writ on a mere application for prohibition; that the provisional rule should issue, so that respondent would have an opportunity to either admit or deny the facts alleged in the application and an opportunity for a hearing on the issues there made.

■ There would be merit in this contention if the facts were in dispute. But since the facts are admitted, whether or not relator is entitled to prohibition is a pure question of law which can and should be decided now.

In 50 Corpus Juris, page 703, section 116, the law is stated as follows:

"Where only a question of law is involved, it is not necessary to issue an alternative writ in the first instance."

The same authority on the same page in section 113, states the law thus:

" . . . the usual practice on applications for prohibition is to issue, in the first instance, a rule to show cause why the writ should not be granted, which will be made absolute or discharged according to the circumstances of the case. However, if due notice has been given to the opposite parties, the court may, without a rule *nisi*, award an absolute writ."

In Ex parte Lyon, 60 Ala. 650, 655, the law is thus stated:

"In the present case, the chancellor and Mr. Foster here had reasonable notice of the time and place of making this application; the whole record is before us, and the merits of the application have been fully argued. We, therefore, consider it unnecessary to award a rule *nisi*, before awarding an absolute writ."

The law which should govern this case is well stated by this court en banc in the case of State ex rel. v. Barnett, 245 Mo. 99, 149 S. W. 311. In that case prohibition was sought to prohibit the Circuit Court of Audrain County from proceeding further with a cause pending in that court. The provisional rule was granted, and the respondent instead of filing a return, filed a demurrer to relator's petition for the writ. We there stated the rule as follows:

"The issues in this case are made by the petition for the writ of prohibition and respondent's demurrer. The demurrer admits all well-pleaded facts in the petition stated, and if these facts, thus admitted show relators' right to the writ the demurrer should be overruled, and the writ made permanent. *In other words no further pleadings will be tolerated.* Such seems to be the rule of this court as well as the general rule." (Italics ours.)

While in the case at bar the provisional rule has not been issued and there is no demurrer to the petition, as in the cited case, but this difference in the facts does not render the ruling in the cited case inapplicable to the instant case. As we read the cited case it holds that as soon as the facts are admitted, no further proceedings will be tolerated, and it will then be determined whether the relator is entitled to an absolute writ of prohibition on the admitted facts. The manner in which the facts are admitted would not change the rule. If the facts in the cited case had been admitted before the provisional rule was issued and before the demurrer to the petition was filed, the ruling would have been the same. In other words, a relator's right to an absolute rule in prohibition on admitted facts is determined from such admitted facts, and not from the time when or the manner in which they are admitted, whether by demurrer or otherwise.

As above stated, the reason advanced in the dissenting opinion for issuing the provisional rule is to give the respondent "an opportunity to either admit or deny the facts set forth in the application and an opportunity for a hearing on the issues there made." There would be merit in this contention if respondent had not been notified of the date when the application for the writ would be made, and had not appeared, or if he had appeared and denied the facts alleged in relator's petition. But such is not the situation. He received and acknowledged service of a written notice stating when relator's application would be filed, together with a copy of said application thereto attached. He voluntarily entered his appearance by filing a printed brief and argument, and a statement of the facts which, in effect, amounts to an admission of the facts alleged in the application for the writ, as will appear by comparing relator's petition with the facts stated in respondent's brief. Relator's petition alleges:

"That the mandate of this Court in Cause No. 34629 entitled The American Constitution Fire Assurance Company et al. v. O'Malley (The 16⅔ per cent rate case) was transmitted by this Court to the Circuit Court of Cole County; that after the receipt of said mandate and on April 2nd, 1938, the respondent, as Judge of the Circuit Court of Cole County, entered an order and caused a copy thereof to be served upon your relator. That the order so entered on April 2nd, 1938, by respondent purported to conform to the mandate of this Court and ordered the funds remaining in the registry of the Circuit Court of Cole County in the sum of $1,651,981.53 to be turned over to your relator. Said order further directed the relator to distribute the impounded funds immediately among the persons lawfully entitled thereto 'after the payment of all lawful claims and demands as constitute proper charges against said fund under the orders and judgment of this Court heretofore or hereafter made.' (A true and correct certified copy of the order so entered is hereto attached and marked Exhibit "A" and incorporated herein as fully as if set out herein verbatim.)

"That your respondent is asserting that he has the authority to superintend your relator in the return of these funds wrongfully taken from the policyholders; that your respondent is asserting authority and power to hear and allow or deny claims against the funds in the hands of your relator as the lawful custodian thereof.

"That certified checks of the depositories in the total sum of $1,651,986.53 have been delivered by the Clerk of the Circuit Court of Cole County to your relator."

Respondent's brief states the facts as follows:

*The Issues.*

"During several years past certain fire insurance companies doing business in Missouri wrongfully collected a large amount of money from their policyholders. The Circuit Court of Cole County, assuming that it had jurisdiction in the premises, caused the fund created by the wrongful collection of premiums, as aforesaid, to be impounded in the registry of the court. Thereafter the court, still assuming it had jurisdiction in the premises, appointed a custodian of the fund, and directed that custodian to distribute the fund to the policyholders from whom the fund had been wrongfully collected. In due course an appeal was taken from the Circuit Court of Cole County to the Supreme Court of Missouri, which court held that the Circuit Court of Cole County was without jurisdiction in the impounding of said fund; that said fund was unlawfully taken from the policyholders; that, by virtue of his office, the Superintendent of the Department of Insurance of the State of Missouri was the proper custodian of the fund; that the fund, subject to lawful claims against it, belonged to the policyholders.

"The cause was remanded to the trial court, with directions to immediately return said fund to the Superintendent of the Department of Insurance of the State of Missouri, for distribution by said superintendent to the policyholders.

"On April 2, 1938, the respondent, as judge of the Circuit Court of Cole County, entered an order directing that the fund remaining in the registry of the Circuit Court of Cole County, amounting to $1,651,981.53, be turned over to said Superintendent of the Department of Insurance of the State of Missouri. Said order further directed the said superintendent to distribute the impounded fund immediately among the persons lawfully entitled thereto, after the payment of all lawful claims and demands as constitute proper charges against said fund, under the orders and judgments of the court heretofore or hereafter made.

"The application for writ of prohibition is based upon the assertion that the Circuit Court of Cole County has no jurisdiction over this trust fund unlawfully collected, and impounded in said circuit court under an order made by the court when acting without jurisdiction."

Respondent is not entitled to have the provisional rule issue in order to give him an opportunity to admit or deny facts which he has already admitted in his printed brief. Since the facts are admitted, there is nothing left to be done except apply the law to the admitted facts. If the admitted facts entitle relator to prohibition he will be entitled to it at every turn in the road, now or at any future time. Why delay the closing of this age old case by the is-

suance of a provisional rule in prohibition, when we know now that in the end, the admitted facts will entitle relator to an absolute rule in prohibition. Moreover, in the very case in which this prohibition is sought, and in which the fund in question was involved, we held that the circuit court had no jurisdiction of that cause. To issue a provisional rule and set the case down for hearing at some later date, would, in effect, permit the parties to again try out the question of jurisdiction which we heretofore finally determined at a prior term. Litigation would never end if we countenanced such practice. Respondent has not been denied due process of law, but on the contrary has twice had his day in court on the question of jurisdiction.

An absolute rule in prohibition should be awarded at this time.