STATE ex rel. NATIONAL OUTDOOR ADVERTISING COMPANY, a Corporation, FRANK D. JACKSON, and GENERAL MOTORS CORPORATION, a Corporation, Relators, v. HONORABLE THOMAS J. SEEHORN, Judge of the Circuit Court of Jackson County, Missouri, at Kansas City and Division 3 Thereof.—No. 39655.—188 S. W. (2d) 657.

Court en Banc, July 9, 1945.

*Alfred D. Hillman, Leo B. Parker* and *Harding, Murphy & Tucker* for relators.

*Walter W. Calvin* for respondent.

PER CURIAM:—Relators seek to prohibit the Judge of Division No. Three of the Circuit Court of Jackson County from making an order authorizing plaintiff in the case of John W. Harrington v. National Outdoor Advertising Company et al. to use an abbreviated record on appeal which has not been agreed to by the defendants, relators herein.

There was a jury trial in the case in February, 1944, which resulted in a verdict against plaintiff and in favor of all defendants. Motion for new trial was filed on March 3, 1944, taken under advisement and overruled November 13, 1944. Plaintiff filed notice of appeal January 6, 1945, after the effective date of the new civil code. [Laws 1943, pp. 353-397; Mo. Stat. Ann. 847.1-847.145.]

Thereafter plaintiff prepared an abbreviated transcript on appeal which contained a statement of the case, setting out the pleadings and a narrative statement of the evidence, containing also the instructions, verdict, judgment, motion for new trial and notice of appeal. There was also included a statement of points to be relied on which alleged error in refusing to give Instruction 10 requested by the plaintiff, and in giving Instruction E offered by defendants. This statement contained a stipulation to be signed by attorneys for all parties. This statement was made for the purpose of obtaining an agreed statement authorized by Section 136 of the code and our rule 1.06, relating to reviewing legal questions with respect to instructions given or refused. Defendants' attorneys refused to sign the stipulation and notified plaintiff that they would require the entire evidence in the case to be included in the transcript on appeal in the case, because they made the contention that plaintiff failed to make a submissible case for the jury against any of the defendants.

The trial court, after full hearing, stated the intention of entering an order which after finding that defendants' attorneys refused to sign any stipulation or agree in writing that the statement might be accepted as a statement of the case, and as a transcript on appeal, under Section 136 of the code and our rule 1.06, overruled all objections of defendants' attorneys thereto. The order then continued as follows:

"The court, after having duly examined and considered the plaintiff's aforesaid purported statement of the case find that the same conforms to the truth in the premises, and, that it contains all matters and things required, essential or necessary, to a statement of the case, under and pursuant to Section 136, Laws of Missouri, 1943, and to rule 1.06, of the aforesaid rules of the Supreme Court of Missouri, fully to present the questions raised by, and upon, the plaintiff's appeal herein.

"Now, therefore, the undersigned Judge of the aforesaid court, before whom the aforesaid cause was pending, and before whom the aforesaid cause was duly tried, and before whom all the proceedings therein were duly had, being now fully advised in the premises, finds that the above and foregoing statement of the case conforms to the truth; and, that it contains all matters and things necessary to fully present the questions raised by the appeal herein; and, thereupon, and in open court, the court orders that the same be, now, filed and made a part of the record herein; and, also certified to the Supreme Court of Missouri, as the transcript on appeal."

The trial judge has no authority to make such an order. . There can be no abbreviated form of transcript on appeal without both parties agreeing to it. Unless there is such an agreement, Section 135(a) of the code makes it mandatory for a full transcript of the record to be used. Our rule 1.04(a) specifies what must be included in such full transcript of the record. Its sufficiency "for a determination of all questions presented to the court for decision", if questioned by the adverse party, is for the appellate court alone. The trial court cannot decide this question. (Likewise assessment of costs for requiring unnecessary matter is for the appellate court.) In fact, the trial court has no function to perform with reference to such a full transcript (not even to allow it, to order it filed or to certify it) except when one of the parties contests its truth and claims that some part of it is incorrect. In that event, the trial judge must settle the contested matter and his finding on the contested portion takes the place of the parties agreement to its correctness. (He must settle such a controversy because bystanders' bills in civil cases are abolished.) If a transcript, prepared in accordance with Section 135, is "agreed to by the parties" as a correct transcript, it is only necessary that "the clerk of the trial court, under his hand and seal of the court, shall transmit said (original) transcript" to the appellate court.

There are only two kinds of abbreviated transcripts provided for by the code, and neither of them is authorized without a signed written agreement. Section 135(a) provides that the parties or their attorneys "may agree in writing upon an abbreviated or partial transcript of the evidence, either in narrative form, or in question and answer form." This provision concerns only abbreviation of the evidence to be included in the transcript of the record. The trial judge has no function to perform with regard to this form of transcript, and no such transcript is involved in this case. Section 136 authorizes a much shorter abbreviation, not only of the evidence but of the whole record. It authorizes the parties to "prepare and sign a statement of the case showing how the questions arose and were decided in the trial court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the questions by the appellate court." It also requires this statement to "include a copy of the judgment or order appealed from, a copy of the notice of appeal with its filing date, and a concise statement of the points to be relied on by the appellant." The trial judge may require such additions to the statement "as the court may consider necessary fully to present the questions raised by the appeal." This is substantially Federal Rule 76. The requirement for approval of the trial court, with the right for the judge to make additions thereto, is to prevent a moot case from being brought to the appellate court. Thus the function of the trial judge under Section 136 is to determine the truth and sufficiency of such an agreed statement *after* (but not before) the parties have agreed to use it. He can refuse to approve it or he can perfect it by making additions to it, but he cannot agree for any party that such a statement must be used, when such party insists on a full transcript.

Rule 1.06 merely provides a way to get an agreed statement authorized by Section 136 (when only legal questions with respect to instructions are to be raised); but it clearly requires the use of the full transcript of the evidence if the adverse party so desires. Of course, by refusing to agree to such an abbreviated transcript (and requiring a full transcript), such party takes the chance of being required to pay to the appellant his cost of supplying the evidence therein, if the appellate court decides that the evidence was unnecessary for the determination of the questions raised. (Rule 1.20.) However, the code and our rules give parties the right to make their own choice and the trial judge has no right to make it for them.

In this case, it is admitted by respondent's suggestions and brief in opposition that defendants have refused to agree to the proposed abbreviated transcript and that the trial judge intends to enter the proposed order approving and authorizing it. Since he has no authority whatever to do so and since the entry of such a void order would cause confusion, expense and delay in the case, with the

174

result that defendants would be required either to assume plaintiff's burden of bringing up the full transcript or of making sufficient showing for dismissal in this court, we think prohibition is a proper remedy. [See Dahlberg v. Fisse, 328 Mo. 213, 40 S. W. (2d) 606.] Furthermore, since all material facts on this issue have already thus been admitted and there cannot possibly be any legal authority for making such an order, it would serve no useful purpose to delay proceedings in the appealed case and prolong this matter by issuing a provisional rule requiring briefs, argument and submission at a later date. [State ex rel. Robertson v. Sevier, 342 Mo. 346, 115 S. W. (2d) 810.] While we hesitate to finally decide any case without full hearing, and should only do so where the facts are admitted and when only a question of law is involved, and only then when the time element is urgent, we feel that this is a case where such an immediate decision will be beneficial to all interested parties. Likewise, it is very important for this matter to be decided immediately so that Bench and Bar know at once of the correct construction of these provisions of the code and our rules concerning transcripts on appeal. However, because of the inadvertent misinterpretation in this case (which has caused the full time allowable by the trial court to elapse, Rule 3.26), we extend the time for filing the full transcript required by Section 135 and Rule 1.04 to October 6, 1945.

An immediate absolute rule in prohibition is ordered.