DAVID L. BALES, v. JEFFERSON CITY LINES, INC.—192 S. W. (2d) 27.

Kansas City Court of Appeals. December 3, 1945.

*Lewis H. Cook* and *Roy W. Rucker* for appellant.

*Bushman & Buchanan, Sam. Bushman* and *H. P. Lauf* for respondents.

SPERRY, C.—Plaintiff, D. L. Bales, sued defendant, Jefferson City Lines, Inc., for damages to plaintiff's truck caused when it was struck by defendant's bus, claiming damages in the amount of $2000. Defendant answered and generally denied plaintiff's allegations of negligence, charged contributory negligence, and counterclaimed, seeking a judgment against plaintiff for $1200 for damages to the bus. The verdict was for plaintiff in the sum of $5, and against defendant on its counterclaim. Plaintiff appeals and assigns the following error: "The court erred in refusing to set aside the verdict for $5.00 because, under the evidence and instructions, the verdict was for a wholly inadequate amount."

Notice of appeal was filed January 22, 1945. The transcript was filed in this court on February 13. The case was docketed for hearing October 2. On September 26 defendant-respondent served on appellant a copy of a motion to dismiss the appeal, together with notice that said motion would be filed in this court on September 27. Said motion to dismiss was duly filed herein on the last mentioned date. One of the grounds stated therein and urged in support of the motion is the alleged failure of appellant to file a "full transcript of the record in the cause," as provided in Section 135, page 393, Laws Missouri 1943.

The transcript is defective is that it does not contain a copy of the judgment appealed from. Rule 1.04 (a). It has always been required that the judgment or order appealed from be brought up. Under the old code it was included in the record proper, under the new code in the full transcript. We are required to dismiss the appeal "unless good couse is shown or the interests of justice otherwise require. The

court may suspend or modify its rules in a particular case upon a showing that justice so requires." Rule 1.15.

On October 1, 1945, the first day of our October term of court and the day before this cause was docketed for hearing, appellant filed herein the affidavit of one of his attorneys, wherein it is stated that said attorney received from the official reporter a typewritten transcript in this case and delivered the same to an attorney for respondent; that thereafter said attorneys, together, presented same to the judge of the circuit court for his approval and signatures; and that said approval and signature were obtained and the transcript filed and made a part of the record. He also filed, on the same day, the affidavit of the circuit clerk of the court where the cause was tried. The clerk stated therein that a judgment was rendered in this cause, in the circuit court of Cole County, on the 15 day of December, 1944; and attached to said affidavit is a copy of said judgment.

On October 2 appellant filed "Motion to have judgment included in transcript." In said motion he alleges that the judgment was duly rendered; that a certified copy thereof has been filed in this court; that "by inadvertence of the court, the attorneys representing both parties and the court reporter, the judgment . . . was not included in the transcript." He prays leave to insert the certified copy of said judgment in the transcript.

An appellant is responsible for the filing of the *full* transcript required under Section 135, *supra*. That responsibility may not be shifted to any one, except that the parties themselves may agree to the filing of an abbreviated transcript. [State v. Seehorn, 188 S. W. (2d) 657, l. c. 659.] It is not suggested that this is an abbreviated transcript.

Section 130, pages 390, 391, Laws Missouri 1943, provides in part:
"After a timely filing of such notice of appeal, failure of the appellant to take any of the further steps to secure the review of the judgment or order appealed from does not affect the validity of the appeal, but is ground for such action as the appellate court deems appropriate, which may include dismissal of the appeal."

Under Rule 1.15, *supra*, we may refuse to order dismissal only upon a showing of good cause, or if the interests of justice require.

In State v. Seehorn, *supra*, the Supreme Court extended the time for filing the full transcript. But the predicament of the appellant in that case was due to a misinterpretation of the statutes and rules, shared in by the trial court. The circumstances were quite different from those prevailing in this case.

Attached to the transcript of the *evidence*, or bill of exceptions, which forms a part of the transcript herein filed, is a stipulation, signed by attorneys for both parties, wherein it is stated: ". . . the foregoing is a true, full and correct transcript of the evidence offered on the trial of this cause, and of the objections made thereto,

and we ask that this be signed as and for Plaintiff's Bill of Exceptions in said cause, a copy filed with the Clerk of this Court and be made and entered as a part of the record herein." Following said stipulation and request is a certificate, duly signed by the judge, approving said *bill of exceptions,* and ordering that same be filed and made a part of the record. Nowhere else in or attached to the transcript does there appear signature of attorneys for the parties, or of the judge, or any certificate or stipulation relating to the full transcript. The above stipulation and certificate have no application to the "full transcript," but apply only to the bill of exceptions, or transcript of the evidence.

It may be observed that the bill of exceptions mentioned in the new code does not constitute the "full transcript," but does form an essential part thereof.

It cannot be said that appellant's failure to file a full transcript was due to misinterpretation of the statutes or rules, confusion, or mistake. There is no showing of "good cause" for suspension of the rules.

Nor can we say, from the record, that the interests of justice require suspension of the rules. Our attention is not called to anything in connection with this case that is of unusual significance. It does not appear that appellant will suffer more, by reason of a dismissal of the appeal, than would an appellant in any other ordinary case. For us to hold, in this case, that the interests of justice require suspension of the rule would be tantamount to our saying that in any case coming up on appeal, where it appeared that the applicable statutes and rules had not been observed, the appeal should not be dismissed because dismissal would work an injustice. Such an interpretation of the statutes and rules would bring about a state of confusion and chaos in that field, and the efforts of the bench, bar, and legislature to simplify procedure and expedite justice would be set at naught.

The appeal should be dismissed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The appeal is dismissed. All concur.