STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Missouri,
*Plaintiff-Respondent,*

v.

David WILLIS et al., Defendant,

On Exceptions of R. M. Keeney, Sr., Estates,
Inc., a Corporation, Defend-
ant-Appellant,
and
Sun Oil Company, a Corporation,
Defendant-Respondent.

No. 34410.

Missouri Court of Appeals,
St. Louis District,
Division One.

June 28, 1972.

Rehearing Denied July 25, 1972.

Application to Transfer Denied
Sept. 11, 1972.

Schurr & Inman, Clayton, for defendant-appellant.

Albert E. Schoenbeck, St. Louis, for defendant-respondent.

Robert L. Hyder, Chief Counsel, Jefferson City, Thomas H. Pearson, Asst. Counsel, Kirkwood, for plaintiff-respondent.

DOERNER, Commissioner.

The primary issue presented in this appeal is whether, in this condemnation case, the trial court erred in granting a separate trial to the owner of a tract of ground and to a lessee, one of two or more lessees, to whom the owner had leased distinct portions of the tract.

The Highway Commission instituted this action on July 7, 1967, by the filing of its petition in which it sought to acquire property for the purpose of widening State Highway 140 in St. Louis County. The tract here involved was described and designated in paragraph 33 of the plaintiff's petition as Parcel 152, it being alleged therein that the owners or parties claiming legal rights therein were R. M. Keeney, Sr., Estates, a corporation; D–X Sunray Oil Company, a corporation; Schnuck Market Florissant, Inc., a corporation; Virgil Smith, d/b/a Smith D–X Service; Community Federal Savings and Loan Association, a corporation; Erwin Tzinberg, Trustee; George H. Leachman, Collector of Revenue for St. Louis County; the unknown owner or owners of a note or notes mentioned in and secured by a deed of trust recorded in book 2610, page 336, of the St. Louis County Recorder's office; and the unknown heirs, grantees, successors or assigns of Community Federal Savings and Loan Association. Thereafter the court granted an order of condemnation and appointed commissioners to assess the damages, who filed their report on November 17, 1967, awarding damages in the amount of $63,500 as a lump sum to the foregoing defendants named in the petition. Exceptions were thereafter filed by D–X Sunray Oil Co.; R. M. Keeney, Sr., Estates, Inc., and Schnuck's Market Florissant, Inc. The record before us does not contain any entry that the plaintiff paid that sum, or any sum, into the registry of the court.

On November 26, 1969, the Sun Oil Company, describing itself as the successor in interest by merger to defendant D–X Sunray Oil Company, filed a motion for a separate trial as to all damages resulting from the taking of a described part of Parcel 152, of which portion of the entire tract, it was alleged, Sun Oil was the lessee. The transcript before us shows that on May 18, 1970, the court made and entered an order sustaining the motion of Sun Oil and directing that " ' *   *   *   The ap-

praisal of land containing the filling station shall be tried by a jury separate from the other interests involved herein, except that it shall be tried with R. M. Keeney, Sr. Estates, Inc. reversionary interest, if any, therein.'" Subsequently, as ordered, a separate jury trial was held and the jury returned a verdict assessing the damages of R. M. Keeney, Sr., Estates, Inc. and Sunray D-X Oil Company at $31,550. However, despite the fact that the jury had returned its verdict in favor of only the Keeney Estates and the Oil Company, the judgment entered reads that, "* * * Defendants, R. M. KEENEY, SR. ESTATES, INC., a corporation, D-X SUNRAY OIL COMPANY, a corporation, VIRGIL SMITH d/b/a SMITH D-X SERVICE, shall have and recover from Plaintiff the total sum of THIRTY-ONE THOUSAND FIVE HUNDRED FIFTY DOLLARS * * *." In its judgment the trial court further found that the sum of $31,550 had theretofore been paid into court on December 9, 1967, by Plaintiff for defendants Keeney Estates, the Oil Company, and Virgil Smith. In due time Keeney Estates filed its motion to set aside the verdict and judgment and for a new trial on the sole ground that the court had erred in granting a separate trial to the Oil Company. The motion was denied, whereupon Keeney Estates appealed to the Supreme Court. That court ruled that it lacked jurisdiction of the appeal and transferred it to this court.

At the outset of our consideration of this case we are confronted with the motion of the Oil Company to dismiss the appeal. The ground stated therein is that the transcript filed by Keeney Estates fails to comply with Civil Rule 82.12(b), V.A.M.R., in that it does not contain any of the evidence adduced at the separate trial. The transcript shows that in seeking to perfect its appeal Keeney Estates prepared and submitted to the Oil Company the transcript containing the pertinent parts of the Highway Commission's petition, the order of condemnation and appointment of commissioners, that part of the commissioner's report which concerns Parcel 152, minute entries regarding the exceptions filed, the motion of the Oil Company for a separate trial, the order sustaining that motion, the verdict of the jury in the separate trial, the judgment thereon entered by the court, the post-trial motion of Keeney Estates, the order overruling that motion, the notice of appeal, and the minute entry as to the ordering of the transcript. The record reflects that the Oil Company declined to approve the transcript, whereupon Keeney Estates requested the trial court to approve it. At the court's suggestion all interested appeared before the court. Counsel for the Oil Company stated, for the record, that it had refused to agree to the transcript because it did not include all of the evidence produced at the separate trial, which it requested and directed be included in accordance with Civil Rule 82.12(b). At the conclusion of the hearing the trial court took the matter under submission, and subsequently entered the following order:

" 'ORDER OF COURT

" 'The question of the approval of the transcript on appeal having been submitted to the Court on argument of counsel, the Court finds that the submitted transcript is sufficient to present the questions raised on appeal, and therefore, the objections of Defendant, Sun Oil Company to said transcript as submitted are hereby overruled, and the transcript is approved as submitted.' "

Paragraph (b) of Civil Rule 82.-12 [1] provides that the transcript "* * * shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented to the appellate court for decision by either appellant or respondent, except that at the direction of either party the transcript shall include all of the evidence in the

---

[1]. To be superseded by Supreme Court Rule 81.12, effective September 1, 1972.

**602**

case; provided, however, that costs for any unnecessary part of the transcript which the appellate court finds has been unreasonably caused to be included in the transcript may be taxed against the party requiring its inclusion. * * *" We construe that provision of the rule to mean that if either party directs that the transcript include all of the evidence in the case, his adversary must supply it in the transcript; that the trial court cannot determine whether or not the evidence must be included; and that the determination of whether or not the action of the objector in requiring that all of the evidence be included is for the appellate court, which may assess against the objector the costs of any unnecessary part of the evidence which he required to be included. Those were the conclusions reached by the Supreme Court en Banc in State ex rel. National Outdoor Advertising Co. v. Seehorn, 354 Mo. 170, 188 S.W.2d 657, and while that case was decided under the 1943 Code of Civil Procedure and then Rule 1.04(a), they are sufficiently similar to rule the present case.

The reason for the rule is well illustrated in Seehorn. There the appellant, the plaintiff, submitted to the respondent a transcript which included a statement of the evidence in narrative form. The defendant-respondent declined to approve it, and directed that the transcript include all of the evidence in question and answer form, on the grounds that he intended to contend on appeal that the plaintiff had failed to make a submissible case for the jury. The trial court, after a hearing, entered an order finding that the transcript was sufficient to present the questions to be raised on appeal, and certified it as the transcript on appeal. The defendant thereupon sought a writ of prohibition. In granting the writ the Supreme Court flatly stated, "The trial judge has no authority to make such an order. * * *" 188 S.W.2d 659, and announced the principles heretofore stated. This court followed those principles in Kissack v. St. Louis Public Service Co., Mo.App., 198 S.W.2d 400.

An examination of the pertinent rules discloses that there are only two kinds of abbreviated transcripts, and that neither can be used unless all parties agree. Rule 82.12(b) states that the parties may agree in writing upon an abbreviated or partial transcript, with the evidence either in narrative form or in question and answer form. Rule 82.13 provides that "* * * the parties may prepare and sign a statement of the case showing how the questions arose and were decided in the trial court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the questions by the appellate court. * * *." In either case the abbreviated transcript must be approved by the trial court, which may require such additions thereto which the court deems necessary to adequately present the questions raised on appeal. Rule 82.12(c) and 82.13. Keeney Estates points to that part of Rule 82.12(c) which provides that, "* * * If there is any dispute concerning the correctness of any transcript, or any part thereof, or if the parties fail to agree within a reasonable time as to its correctness, the transcript shall be settled and approved by the trial court. * * *" Brand v. Brand, Mo., 245 S.W.2d 94 is cited in its efforts to sustain the trial court's action in this case. That case does not hold that a trial court, over the objection of a party, may authorize and empower his opponent to use an abbreviated transcript on appeal. All that that case holds is that when a purported full transcript is presented to the respondent and a dispute arises as to its correctness the court must resolve the dispute and approve the transcript; and that the court must approve an abbreviated transcript. No decision holding that a trial court may enter an order approving the use of an abbreviated transcript when an adverse party objects to its use has been cited, and our own research has disclosed

only the Seehorn case, which ruled to the contrary. Accordingly, we hold that the trial court had no authority to make and enter its order of May 11, 1971, concerning the approval and use on appeal of the abbreviated transcript.

■ Having reached that conclusion we are faced with the problem of the disposition to make of the appeal. In its motion the Oil Company asks that the appeal be dismissed, and that action was taken by this court in the appeal in Kissack v. St. Louis Public Service Co., supra. In the Seehorn case the Supreme Court held that there had been an "inadvertent misinterpretation" (188 S.W.2d 660) of the statute and the rule involved and granted the appellant additional time in which to file a full transcript. However, there are other factors which complicate a decision to follow the example set in Seehorn. As stated, the only point presented by Keeney Estates is its claim that the trial court erred in granting the Oil Company a separate trial. In its brief the Oil Company has fully covered that point. What is more important, the Oil Company has not attempted in any way to point out in what manner the evidence adduced at the separate trial is relevant or pertinent to the point raised by Keeney Estates, nor to state in what way it was prejudiced by the failure of Keeney Estates to include such evidence in its transcript. In the absence of any such claim it would obviously be an utter exercise in futility to grant Keeney Estates additional time in which to file a full transcript. Furthermore, if a full transcript was filed and no more need for its use appeared than that presently shown we undoubtedly would, in accordance with Rule 82.12(b) tax the costs for the inclusion of the evidence adduced at the separate hearing against the Oil Company. Civil Rule 83.24 states that the rules should be liberally construed to promote justice, to minimize the number of cases disposed of on procedural questions and to facilitate and increase the dispostion of cases on their merits. In conformity with the letter and spirit of that rule the motion of the Oil Company to dismiss the appeal is overruled, and we will proceed to dispose of the case on its merits.

As previously stated, by its condemnation petition the Highway Department sought to acquire a part of an entire tract, which it designated as Parcel 152. The parties heretofore mentioned were named as defendants, but no averment was made as to their respective interests. In the motion of the Oil Company it was alleged that Keeney Estates owned the entire tract designated as Parcel 152 and that the tract had been " * * * divided by said defendant (Keeney Estates) into various parcels of land and leased separately by said defendant to various lessees, * * *" two of which lessees were Sun Oil Company and Schnuck Market Florissant, Inc. It is clear that by the use of the word "divided" the Oil Company did not mean that Keeney Estates had formally subdivided the tract it owned into lots or parcels, and recorded the plat, as is often done in the creation of a subdivision; what it meant was that the "divided" consisted of the making of a lease to each lessee of a separate part of the entire tract—witness its allegation " * * * that the aforesaid leases effectively and legally divided the aforesaid total tract into separate parcels; * * *."

As early as State ex rel. McCaskill v. Hall, 325 Mo. 165, 28 S.W.2d 80, and as late as City of St. Louis v. Wabash Railroad Co., Mo., 421 S.W.2d 302, 304–305, the general rule has been stated as follows:

"As a general rule, where there are different interests or estates in property taken by condemnation, the proper procedure is 'to acertain the entire compensation as though the property belonged to one person and then apportion this sum among the different parties according to their respective rights.' State ex rel. State Highway Commission v. Mahon, Mo.App., 350 S.W.2d 111, 113. * * *"

The latter decision recognized that an exception to the general rule had been established, for after stating the general rule the Supreme Court continued (421 S.W.2d 305):

"* * * This Court established the general rule, and recognized an exception thereto, in State ex rel. McCaskill v. Hall, 325 Mo. 165, 28 S.W.2d 80, at page 82, 69 A.L.R. 1256, as follows: '* * * The aggregate values of all the particular interests and estates in a single parcel of land do not exceed the value of the property as a whole, which the state takes by paramount title for public use; when, therefore, that value is duly ascertained and paid in money to the owners of the various interests, or into court for them, constitutional requirements are fully complied with. The fund is substituted for the property taken. The fact that the owners of the constitutive interests may not agree as to the apportionment among themselves of the sum awarded is merely an incident growing out of such combined ownership for which the condemnor is in no way responsible. There may be instances in which, owing to exceptional circumstances, the damages to the various interests when added together exceed the value of the property as a whole; in such case the particular interests should of course be separately appraised, because the owner of each is entitled to be compensated in damages for the amount of his interest taken.' "

▮▮▮ We construe the latter part of that quotation, as did the Supreme Court in City of St. Louis v. Wabash Railroad, supra, to limit the exception to the general rule to those instances, "* * * in which, owing to exceptional circumstances, the damages to the various interests when added together exceed the value of the property as a whole * * *." There is

nothing in the record before us which would support a claim that the present case involves such an instance, and no claim is made on appeal that it does. Nor was such a claim made by the Oil Company in its motion for a separate trial. All that it alleged therein was, "* * * that it will be confusing to the jury and prejudicial to this defendant to be compelled to try in one trial the damages suffered by it from the taking of the above-described parcel and the damages suffered by the defendant Schnuck Market, Florissant, Inc. from the taking of another, separate parcel * * *." No evidence was offered in the hearing on the motion that "* * * the damages to the various interests when added together exceed the value of the property as a whole * * *." In fact, so far as the record before us shows, no evidence of any kind was offered in the hearing of the Oil Company's motion for a separate trial, not even evidence to support its allegation that various leases contain "* * * different and varying terms, conditions and provisions * * *."

While not material to the decision we have reached we note, in passing, that neither in the Oil Company's motion for a separate trial, nor in the court's order granting it, was any reference made to other parties who apparently have an interest in the entire tract, such as the Collector, the owner or owners of the notes and deed of trust described in the Highway Department's petition, as well as the trustee named therein.

From what has been said it follows that the court erred in granting a separate trial to defendants Sun Oil Company and R. M. Keeney, Sr., Estates. Accordingly, the motion of Sun Oil Company to dismiss the appeal is overruled, and the judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court. Accordingly, motion to dismiss appeal overruled, judgment reversed and cause remanded for further proceedings.

DOWD, P. J., and SMITH and SIMEONE, JJ., concur.