Lori Ann SAYERS, a minor, by Diane Sayers, her next friend, et al., Plaintiffs-Respondents,

v.

Carl H. HAUSHALTER and Ruth Haushalter, Defendants-Appellants.

No. 34380.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Jan. 30, 1973.

Motion for Rehearing to Transfer to Supreme Court Denied March 9, 1973.

Application to Transfer Denied May 14, 1973.

F. X. Cleary, Daniel T. Rabbitt, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, for defendants-appellants.

Glen C. Schomburg, St. Louis, for plaintiffs-respondents.

SMITH, Judge.

This is a dog bite case. A judgment in favor of respondent Lori Ann Sayers for $3000, and for her parents for $150 was entered in accordance with a jury verdict. Defendants appeal.

The incident giving rise to this litigation occurred at the home of Lori's paternal grandfather, who is the next door neighbor of defendants, the owners of the dog. The dog is an Alaskan Malemute of substantial size. On Memorial day the defendants and their dog were visiting in the grandparents' house at the express invitation of the grandfather. Lori, her sister and father entered the home for a visit while returning to their home from a family outing. Lori was three at the time. She went through the house and out onto a patio and called to the dog. He leapt at her and grabbed her head in his jaws causing a serious cut of her ear. Defendant Carl Haushalter, in close proximity, kicked the dog in the stomach and he released Lori.

Evidence was adduced that on a prior occasion the dog had bitten the ear of a neighbor child requiring four stitches. The only evidence adduced of this occurrence was that Mrs. Haushalter had put food down for the dog and left the house.

The neighbor child, unknown to Mrs. Haushalter, had entered the premises either before or after Mrs. Haushalter's departure. Upon her return she discovered the child and the bite and was told by the child that the dog had bitten her. Mrs. Haushalter took the child to the hospital for suturing and the hospital card, signed by Mrs. Haushalter, showed the cause of injury as dog bite. Mr. Haushalter was aware of the previous bite.

At this point it is advisable to discuss defendants' initial point. They contend that there is no evidence to show that the prior bite was unprovoked and therefore there is no evidence of known vicious propensity of the dog, an essential element of this cause of action. We can concede that in the absence of the prior bite the evidence would be insufficient to show a known vicious propensity.

The essence of the common law action arising from a dog bite is that the owner, with actual or constructive knowledge of the vicious propensities of the animal, continues to harbor it. In determining vicious propensity it is not necessary that a prior bite be established, if other criteria of vicious propensity are established. On the other hand a prior bite does not *per se* establish vicious propensity, although it obviously has great probative value. The question is really one of burden of going forward with the evidence. Where the evidence clearly shows that the bite was the result of provocation or by its nature was not of a vicious nature then the prior bite is insufficient alone to establish vicious propensity. See Bush v. Anderson, Mo.App., 360 S.W.2d 251; Maxwell v. Fraze, Mo.App., 344 S.W.2d 262.

Plaintiff by establishing the prior serious bite has produced evidence upon which a jury could determine the dog had vicious propensities. If that bite was the product of provocation, or pain or some other cause which would negate viciousness it was the obligation of defendants to produce such evidence. We hold that

there was sufficient evidence to support a finding of known vicious propensity.

Plaintiff submitted the case to the jury upon three theories—common law and two separate violations of a county ordinance —negligence *per se*. Defendants attack the ordinance submissions as unsupported by the evidence.

Since the introduction of Missouri Approved Instructions " . . . the jury *should not be instructed on a theory of recovery or defense not supported by the evidence and . . . any such submission, whether in the conjunctive or disjunctive, should be reversible error.*" M.A.I. Second Edition, p. 7.

The ordinance upon which plaintiffs submitted their case to the jury, was Ordinance No. 3283 of St. Louis County relating to rabies control.

The first of the verdict-directing ordinance instructions required the jury to return a verdict for plaintiffs if it found that prior to the bite of Lori the dog had attacked or bitten the neighbor child and that thereafter the defendants failed to confine the dog and post a notice as provided in the ordinance and that such conduct directly resulted in plaintiffs' injuries.

This was based upon a section of the ordinance that provided that when any dog had previously attacked or bitten any person or domestic animal, "it shall be the duty of such owner to confine such dog on a chain, tether or leash, or confine to a yard completely enclosed by a fence . . . and to post a notice on the premises . . . reading . . . 'Bad Dog Here' or 'Beware—Bad Dog'."

The second of the verdict-directing ordinance instructions directed the jury to return a verdict for plaintiffs if they found that defendants permitted the dog off their premises and not under restraint of a competent person and that as a result of such conduct Lori was injured.

This was based upon a section of the ordinance which provided that it was unlawful for the owner of any dog "to permit or allow such dog to run at large on land which is non-rural in character."

By definition a dog is "at large when it is off the premises of its owner's real property and not restrained by a competent person."

"Restraint" is defined (among other things) as "When [the dog is] not more than fifty (50) feet from a competent person, if such dog is not annoying or worrying any human being or domestic animal, or trespassing on private property, . . ."

"Competent person" is "A human being that is capable of controlling and governing the dog in question, and to whose commands the dog is obedient."

In order for a violation of a statute or ordinance to constitute negligence at least four prerequisites are necessary: (1) there must in fact be a violation; (2) the injured party must be within the class of persons intended to be protected by the ordinance or statute; (3) the injury complained of must be of such character as the statute or ordinance was designed to prevent and (4) the violation must be the proximate cause of the injury, i. e.: "but for" the violation the injury would not have occurred. Endicott v. St. Regis Investment Company, Mo., 443 S.W.2d 122 [1, 2]; Downing v. Dixon, Mo., 313 S.W. 2d 644 [4–11].

Under the particular facts here we cannot conclude that violation of the ordinance was properly submitted to the jury. The obvious purpose of the ordinance is the prevention of the spread of rabies. Most of the ordinance deals with vaccination of dogs against that disease; apprehension, quarantine and examination of animals suspected of having rabies; procedures where a dog has bitten a person until the health of the dog can be determined. It is in this context that the "run-

ning at large" provision and "bad dog" provision must be viewed. The former is clearly intended to prohibit dogs from running at large over public or private property while unattended. It is unrelated to any vicious propensity and applies equally to vicious or docile animals. Here the dog was not unattended. He was present in the enclosed back yard of the owners' neighbor and was there at the specific invitation of the owner of the real estate upon which he was located. It is questionable that in view of the dog owners' close proximity that he was "at large" at all. But even if a violation could be found, we are unable to say that the ordinance was aimed at this type of factual situation.

 Nor do we find the "bad dog notice" provision applicable. In the first place the dog was confined "to a yard completely enclosed by a fence . . ." as required by the ordinance. We do not believe the notice provision requires the owner of a dog invited onto another's premises to post those premises, if he could in fact do so. Nor can we find that the failure to post a notice upon the dog owner's premises was the proximate cause of the injury occurring on adjoining property. Plaintiffs contend that the two properties were surrounded by a common fence, but the transcript references cited fail to support that contention. The only clear evidence is to the contrary. And, of course, plaintiffs have the burden of proof of establishing all elements of their cause of action which includes proximate causation.

Negligence *per se* as a result of the alleged violations of the county ordinance was improperly submitted to the jury and the case must be reversed.

Defendants' other allegations of error are unlikely to reoccur and need not be discussed.

 Plaintiffs have moved to dismiss because the transcript is abbreviated and has not been consented to by them. It was approved by the trial judge. Appellants have not included the expert medical testimony nor the hospital records as they raise no questions concerning the damages awarded. In State ex rel. State Highway Commission v. Willis, Mo.App., 483 S.W.2d 599, we held that a " . . . trial court had no authority to make and enter its order . . . concerning the approval and use on appeal of the abbreviated transcript." [3, 4] That decision was based upon Supreme Court Rule 81.12(b) V.A.M.R. *Willis,* and the major case relied on therein, State ex rel. National Outdoor Advertising Co. v. Seehorn, 354 Mo. 170, 188 S.W.2d 657, both involved circumstances where the respondent raised objection to the transcript in the trial court. The record before us contains no indication that respondents objected to the abbreviated transcript, except the fact that respondents' counsel did not sign the transcript. Rule 81.12(b) provides for the transcript to contain all of the record necessary to the determination of all questions to be presented to the appellate court for decision "except that at the *direction of either party* the transcript shall include all of the evidence in the case; . . ." (Emphasis supplied). *Willis* and *Seehorn* both held that the trial court lacks authority to approve an abbreviated transcript where a party *objects* to its use.

 There are reasons other than the fact the transcript is abbreviated for counsel not to sign it, and under Rule 81.-12(c) the trial court may approve and settle the transcript in those cases. Also, unless a party makes his objection to the transcript as a part of the record, the other party is effectively precluded from seeking the relief provided by Rule 81.12(b) where he is forced to include unnecessary material by his adversary. He must in that posture prepare a full transcript without anything of record to establish that he was forced to include unnecessary material or forego filing a transcript. The rule contemplates inclusion of the entire record "at the direction of either party." Such direction must appear of record, and the failure

to include the entire record cannot be raised for the first time in the appellate court on a motion to dismiss the appeal.

The motion to dismiss is denied. The cause is reversed and remanded for new trial on the issue of liability only.

SIMEONE, and KELLY, JJ., concur.