**PARKWAY SCHOOL DISTRICT, a public corporation, Plaintiff,**

v.

**Richard F. PROVAZNIK, Judge of the Circuit Court, Twenty-First Judicial Circuit, Division 16 of the County of St. Louis, Defendant.**

No. 44176.

Missouri Court of Appeals, Eastern District, Division Three.

April 14, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 12, 1981.

Application to Transfer Denied July 14, 1981.

Schreiber & Tueth, Thomas E. Tueth, John J. Mohan, Clayton, for plaintiff.

Schuchat, Cook & Werner, Marilyn S. Teitelbaum, St. Louis, for defendant.

WEIER, Judge.

In the underlying litigation, the Parkway School District sought and obtained a temporary restraining order against the Parkway National Education Association and the various members, officers, directors and representatives of this organization enjoining them from continuing a labor strike against the school district. The petition entitled *Parkway School District, Plaintiff v. Dennis Pries, et al., Defendants,* Cause No. 452680, was filed in the Circuit Court of the County of St. Louis, Missouri, on March 16, 1981. It alleged that on March 15, 1981, membership of the Parkway National Education Association voted to strike on March 16, 1981 and March 17, 1981, and that a large number of teachers who are members of the association failed to report for work on March 16, 1981. Attorneys for the defendants entered their appearance on March 16, 1981, for the limited purpose of the application for the temporary restraining order. Thereafter a full appearance was entered by defendants' attorneys in which service of summons was accepted. On March 17, 1981, the court issued its temporary restraining order and order to show cause. In its order, the court found that plaintiff's petition stated a claim for relief and ordered that the named individual defendants and all persons acting in conjunction with them together with all members of the organization known as the Parkway National Education Association be restrained and enjoined from encouraging or participating in any strike of the teaching personnel of the Parkway School District. Although there was no request for such an order in plaintiff's petition, on oral motion

of defendants unsupported by either affidavit or verified complaint, the court extended the injunctive relief by mandating the following:

"IT IS FURTHER ORDERED that the parties meet and confer in good faith in an attempt to resolve the present salary dispute which led to the alleged current work stoppage. This Court recognizes that neither party has any obligation per se to compromise during these discussions."

On March 18, 1981, the teachers allegedly returned to work at plaintiff's schools. Thereafter plaintiff filed a motion to modify the temporary restraining order entered by the defendant judge seeking to remove that portion of the order requiring the parties to meet and confer in an attempt to resolve the salary dispute. The motion was accompanied by an affidavit of the associate superintendent wherein he attested to dates and times of thirteen meetings totaling twenty-eight hours of discussion between representatives of plaintiff and the Parkway National Education Association between January 26, 1981 and March 13, 1981. As stated in suggestions filed on behalf of defendants, the school district had informed the teachers' association on January 28, 1981, that if no agreement was reached by March 13, 1981, it would no longer meet with the association's representatives.

On March 26 the association filed a motion for issuance of attachment for contempt of plaintiff and members of the Parkway School District Board of Education for the alleged failure of the plaintiff and members of its board of education to meet and confer in accordance with defendants' temporary restraining order of March 17, 1981. The same day after arguments were heard, defendant judge stated that he would enter his order denying the motion to modify to afford plaintiff the opportunity to seek a writ from an appellate court. The petition for a writ of prohibition was filed in this court on March 27, 1981. Suggestions in opposition to the issuance of the preliminary writ have been filed.

▮ The Missouri Court of Appeals, Western District, in *School District of Kansas City v. Clymer*, 554 S.W.2d 483 (Mo.App. 1977), had before it a like problem where the trial court had granted injunctive relief against strike activity of a teachers' union and thereafter without request by the school district and over its objection entered an amendment to the injunction with one of the amending clauses requiring that the district and the union "shall meet, confer and discuss in good faith at reasonable times and places in an effort to resolve the issues between said parties." *Clymer, supra* at 485. The court determined this order amending the temporary injunction invaded the legislative prerogatives of the board of education. As explained in this opinion, one of the legislative duties of the board requires it to fix the amount of annual compensation for the following school year by providing a salary schedule applicable to all teachers. It must be adopted by the board on or before the 15th day of April of each year. Section 168.110, RSMo 1978. Here the work stoppage came at a time when the board was required to formulate and adopt a salary schedule within a matter of days after the writ sought herein was filed in this court. As pointed out in *Clymer, supra* at 487, the broad powers of the board including the fixing of compensation, subject to the guidelines of the statute and to other considerations which are not here pertinent, are not subject to interference by a court.

▮ It should also be noted that a mandatory injunction is a harsh remedy and is to be granted by a court only when the right thereto is clearly established. It should never be granted on doubtful proof. *Hudson v. School District of Kansas City*, 578 S.W.2d 301, 312[14] (Mo.App.1979). The court here had no pleadings or evidence before it to sustain any action with respect to the issuance of a mandatory injunction to compel the district board to continue to meet and confer with the teachers even if this duty could be imposed. The statutory bond required of the defendants in the underlying suit was not ordered, proffered or filed. Rule 92.02(c).

■ We determine that the court exceeded its jurisdiction in inserting the paragraph in its temporary restraining order compelling the parties to the underlying litigation to continue their meetings and conferences. There is no parallel between the negotiations here and industrial collective bargaining in the private sector. Many of the problems of public employee pay discussions arise out of a failure to recognize the major legal differences between public and private employees. Furthermore, it should again be pointed out that strikes by public employees in Missouri are illegal. *St. Louis Teachers Association v. Board of Education of the City of St. Louis*, 544 S.W.2d 573, 575[1] (Mo.banc 1976).

■ Without question the trial judge was attempting in good faith to help resolve a controversy important to a large segment of the public, but courts should not act as mediators in labor disputes. "Judicial intrusion upon the legitimate exercise of legislative power is not permitted." *State ex rel. Sunderwirth v. Harper*, 225 Mo.App. 254, 30 S.W.2d 1039, 1043[4] (1930). Generally the courts will not interfere with the exercise of a school district's discretion except in a case of clear abuse, fraud, or some similar conduct. *Smith v. Consolidated School District No. 2*, 408 S.W.2d 50, 53[3] (Mo.banc 1966); *Conder v. Board of Directors of Windsor School*, 567 S.W.2d 377, 379[4] (Mo.App.1978).

We have ordered and have obtained from the office of the Circuit Court Clerk of St. Louis County certified copies of all of the papers in the file including the order of the judge hereinabove referred to. We see no justification in allowing the delay or expense entailed in requiring briefs, argument and submission of this matter at a later date. The school district must get about its business of establishing the salary schedules in accordance with the law. The welfare of the students should be the first consideration of all parties and students suffer most because of disputes such as the one under consideration. We are, therefore, ordering an immediate absolute rule in prohibition. *State ex rel. National Outdoor Advertising Co. v. Seehorn*, 354 Mo. 170, 188 S.W.2d 657–660 (Banc 1945); *State ex rel. Robertson v. Sevier*, 342 Mo. 346, 115 S.W.2d 810, 116 A.L.R. 651 (Banc 1938); *State ex rel. Houser v. Goodman*, 406 S.W.2d 121, 127[12] (Mo.App.1966).

An absolute rule in prohibition is granted prohibiting the trial court from proceeding further to enforce that portion of the order requiring the parties to meet and confer. In all other respects the court shall proceed with the injunctive proceeding brought by the plaintiff school district.

CRIST, P. J., and SNYDER, J., concurs.