IDA M. CONNOLEY, Appellant, v. BEYER CRUSHED ROCK COMPANY, a Corporation, and LOUIS MARINO.—No. 39627.—197 S. W. (2d) 653.

Court en Banc, November 11, 1946.

*Smith F. Brandom* and *Thomas C. Swanson* for appellant.

*George T. Aughinbaugh, Moore & Aughinbaugh, Alvin C. Trippe, Hale Houts* and *Hogsett, Trippe, Depping & Houts* for respondents.

686

CLARK, J.—Plaintiff sued in two counts alleging that defendants wilfully trespassed upon plaintiff's land and removed rock from under the surface thereof. The first count sought to recover the value of the rock and the second count prayed damages for the difference in value of plaintiff's property after, as compared to its value before, the trespass.

In a pre-trial conference defendants admitted removing 36,588 tons of rock from plaintiff's premises without right, but that this was not wilfully done. This left the question of wilfulness under the first count and the amount of damages under each count as the only issues to be determined. Plaintiff recovered a jury verdict for $1,829.40 under the first count and for $5,256.44 under the second count. Plaintiff's motion for new trial as to both counts was overruled. Defendants' motion for new trial as to the second count only was sustained. Plaintiff has appealed.

Respondents have filed a motion to dismiss the appeal as to both counts on the ground that the transcript was not timely filed in the trial and appellate courts; also to dismiss the appeal as to the first count on the ground that the notice of appeal does not refer to the judgment, but only to the order overruling plaintiff's motion for new trial.

The verdict was received and judgment entered on May 24. On May 29 motions for new trial were filed by both plaintiff and defendants. On June 1 the court overruled plaintiff's motion as to count one and indicated he would sustain defendants' motion as to count two unless plaintiff within ten days remitted the sum of $3,756.44 from the verdict on that count. On June 6 plaintiff refused to make remittitur and the court overruled her motion as to count two and sustained defendants' motion as to count two. On June 7 plaintiff filed her notice of appeal. On August 3 the court made an order extending the time for filing the transcript on appeal until November 1. The transcript on appeal was filed in the trial court on November 2 and in this court on November 3.

Appellant has filed in this court an affidavit stating that she delivered the transcript to the official reporter "for signature of the trial judge and for filing and forwarding well before November 1st."

The transcript is a "full transcript of the record in the cause including the bill of exceptions" and, as it was agreed to by the parties, the signature of the trial judge was unnecessary. [Laws of Missouri 1943, p. 393, sec. 135; Mo. R. S. A. 847.135.] The approval of the trial judge to the transcript prepared under that section is required only when the parties fail to agree, but is always required to the "state-ment of the case" prepared under Section 136 of the Civil Code. [Mo. R. S. A., sec. 847.136.] It was the duty of appellant to procure the approval of respondents or of the trial judge to the transcript and timely file it with the clerk, not with the official reporter. However, as the receipt of respondents' attorneys shows that they received the transcript on October 26 and no showing has been made that the rights of respondents have been prejudiced by one day's delay in filing, this point in respondents' motion to dismiss is overruled.

 The other point in respondents' motion to dismiss the appeal is that, although the notice of appeal brings up for review the order sustaining respondents' motion for a new trial as to the second count, it does not bring up that part of the judgment rendered on the first count. In other words, respondents say that appellant is attempting to appeal from the order overruling her motion for a new trial as to the first count rather than from the judgment itself.

Omitting caption and signature appellant's notice of appeal is as follows:

"Notice is hereby given that the plaintiff, Ida M. Connelley is taking an appeal from the judgment and decision of the Court, made on June 6, 1945, in which judgment and order the Court decreed that, since plaintiff declined to remit the sum of $3756.44 from the verdict of the jury rendered under Count Two of plaintiff's petition herein, that a new trial is granted as to Count Two only, under the separate motions of defendants for new trial as to Count Two; and appeals from the judgment and decision of the Court of June 6, 1945, over-ruling plaintiff's motion for new trial as to Count Two; and appeals from the judgment and decision of June 1st, 1945, in which plaintiff's motion for new trial as to Count One was overruled; and appeals from the action, judgment and decision overruling plaintiff's Motion for New Trial in its entirety. Said appeal is to the Supreme Court of Missouri."

The notice of appeal refers to judgments as of June 1 and June 6. No judgments were rendered on those dates. The only judgment in the case was entered on the date of the verdict, May 24, as the law requires. It did not become final and appealable until appellant's motion for new trial was overruled. The writer believes that a fair and liberal construction of the notice permits us to hold that the appeal is from the only judgment in the case, after it became final. That view is contrary to a long and unbroken line of decisions of this court. Those cases, construing affidavits and orders for appeal, under

Section 1184, Revised Statutes Missouri 1939, [Mo. R. S. A. sec. 1184] which has been repealed and reenacted in substantially the same form by the new Civil Code, [Sec. 126] adhere to a strict construction of language similar to that contained in the instant notice of appeal and hold that such language constitutes an attempt to appeal from the order overruling appellant's motion for new trial rather than from the judgment made final by that order. Those cases are grounded upon the fact that the statute expressly authorizes an appeal from an order *sustaining* a motion for new trial, but not from an order *overruling* one. Of course, express statutory authority to appeal is necessary when the motion is sustained because that sets aside the judgment and leaves the case pending in the trial court, but when the motion for new trial is overruled that makes the judgment final in the trial court, and therefore appealable under the general statutory authority for appeals from final judgments.

Certainty and predictability of the law are much to be desired, and established precedents should not be ignored without good reason. Yet, especially in procedural matters, where no substantive rights are involved and no one has been misled to his prejudice courts should endeavor to decide each case upon its merits. That accords with the spirit of the new Civil Code. Here, if appellant had come to this court within the six months period allowed by the new Civil Code undoubtedly we would have permitted her to file a notice of appeal in accordance with the strict letter of the statute. Respondents' motion to dismiss the appeal was not filed until the six months period had expired. We do not believe respondent has been misled or prejudiced by the wording of the notice, and both parties have briefed and argued the case on the merits. It seems clear from the notice that appellant is attempting to bring up for review the final judgment. It is conceded that the notice of appeal is sufficient to bring up the order sustaining respondents' motion for new trial as to count two, for that is expressly authorized by statute, and we overrule the motion to dismiss the appeal and hold that the notice brings up the judgment rendered on count one of the petition.

 As to the judgment rendered on count one, appellant makes two assignments of error: the giving of respondents' instruction C, and that the verdict is against the weight of the evidence.

Instruction C was to the effect that if defendants mined on plaintiff's land because they improperly measured the distance, or failed to have a survey or some other accurate way of measuring, and did not do so purposely and intentionally defendants are liable only for the reasonable market value of the rock before it was mined.

This instruction is substantially like appellant's instruction number one which provides for the same measure of damages if "the taking of the rock was not wilful, but was the result of negligence, inadvertence or an innocent act."

There was opinion evidence that the reasonable market value of the rock in the ground was five cents per ton, which is the exact amount of the verdict on count one. Appellant says that such evidence was destroyed by the testimony of an officer of defendant that a greater profit was actually realized. That profit was made without paying anything for the rock in the ground. Besides, though it was proper for the jury to consider the profit made by defendant, that was not conclusive as to the market value of the rock in the ground. The reasonable market value was the price which the unmined rock would bring when offered for sale by one who was willing, but not obliged to sell it, and bought by one who was willing to purchase, but not compelled to do so.

Appellant contends that the trial court did not specify the grounds for sustaining respondents' motion for new trial and therefore the burden is on respondents to sustain the order, citing our rule 1.10. We do not agree. The trial court first indicated he would sustain respondents' motion unless appellant entered ·a remittitur. Appellant refused and the motion was sustained. This clearly indicated that the motion was sustained because the court thought the verdict excessive; that is, the verdict was not supported by the evidence. This was the correct view. At the pre-trial conference the parties agreed that the correct measure of damages as to count two is the difference in the reasonable market value of the land before and after the removal of the rock. As we read the record the highest estimate of this difference was $3,000.00, so the verdict is necessarily excessive.

In support of her· contention that a new trial of count two necessitates a new trial of count one, appellant cites many cases indicating that the two counts were properly ·included in the same petition because founded on the same transaction or occurrence. That is not the question now under consideration. Appellant also quotes extensively from Hall v. Martindale (Mo. App.), 138 S. W. (2d) 657, which held under its facts that the case had to be re-tried on all counts. The facts there ·differ from the facts in the instant case, but we agree that the applicable rule of law is correctly stated in that case as follows:

"Ordinarily, where the petition contains two or more counts, and error is especially found to have been committed as to only a part of them, while the judgment, being an entirety, will necessarily be reversed in its entirety, yet, if the several counts are independent, distinct, and capable of separation, the verdict will be held in abeyance as to any count or counts which may have been free from error, and the retrial will be limited to the count or counts as to which error was committed." [See also Denny v. Guyton, 327 Mo. 1030, 40 S. W. (2d) 562, 591.]

■ Among the instructions given to the jury was one as to the form of verdict with the direction for the verdict to be written on a separate paper and not on the instructions. In violation of this direction the jury at first returned a verdict ■ written on the form contained in the court's instruction. The court called the jury's attention to the instructions and sent them back to the jury room. Later they returned the same verdict on a separate paper. Appellant says that this shows such misconduct as to require the entire verdict to be set aside. The contention is wholly without merit.

■ In the instant case the only issue to be determined under count two, as now worded, is the difference in reasonable market value of the land as a whole before and after the trespass. That issue does not affect either the fact or extent of respondents' liability under count one.

The judgment is reversed and cause remanded for a re-trial on count two of the petition, with direction to hold in abeyance the verdict heretofore rendered on count one until such trial is concluded. *Douglas, Ellison,* and *Hyde, JJ.,* and *Tipton, C. J.,* concur; *Leedy, J.,* dissents to the holding that the notice of appeal as to the first count was sufficient, and concurs as to the merits under count two; *Gantt, J.,* not sitting.