W. J. WALKER, APPELLANT, v. MISSOURI WHITE MOTORS, INC.,
RESPONDENT.—227 SW (2) 762.

Springfield Court of Appeals.   January 6, 1950.

E. C. Hamlin for appellant.

*Neale, Newman, Neale, Freeman & Wampler* and *F. B. Freeman* for respondent.

BLAIR, J.—This was originally a replevin suit. On September 4, 1948, plaintiff therein (appellant now) filed in the Circuit Court of Greene County his amended petition, in such original replevin suit, claiming to be the owner of a Fruehauf Trailer, Serial No. 5-129624 AFF1t-46, alleged to have been unlawfully and wrongfully retained by defendant (respondent), and for the recovery from respondent of certain damages to such trailer.

On September 24, 1948, defendant filed its answer to such amended petition, denying the allegations of plaintiff's amended petition, and, as a second count thereof, filed a "counterclaim and petition for equitable relief," charging that plaintiff had defaulted on a contract to purchase another trailer, and for certain outlays made by defendant. Defendant wound up its said counterclaim as follows:  .

"Wherefore, defendant prays the court, in the event the court should find plaintiff is the legal owner of and entitled to the possession of said trailer, defendant prays that the court find and decree that defendant is entitled to an equitable lien on and against said trailer in the sum of $1996.30; that the court by its judgment direct and decree the manner for the enforcement of said lien; that plaintiff recover no damages against defendant and that defendant be discharged with its costs."

The trial court had previously overruled defendant's contention that the case was one involving equitable relief, and should be tried by the court and not by a jury, the trial court reserving the right to grant defendant equitable relief, if it was entitled thereto. In view of the prayer of defendant's answer and defendant's previous motions, we are unable to see any reason why defendant should have filed a motion asking equitable relief, after the jury had returned a verdict for plaintiff in the replevin suit.

The transcript filed by appellant contains the following:

"At the request of the attorney for plaintiff-appellant the evidence introduced and offered in the trial of this cause is omitted from this record."

The replevin case was thereupon tried to a jury, and the transcript filed by appellant shows that defendant moved unsuccessfully for a directed verdict therein, both at the conclusion of plaintiff's case, and at the conclusion of all of the testimony. The instructions to the jury and defendant's refused instruction, are set out in full in the transcript.

On December 2, 1948, the jury returned a verdict for plaintiff for possession of the trailer in question, and for damages to plaintiff from defendant in the sum of $1,000.00. Judgment was rendered on such verdict, and thereafter the trial judge rendered a judgment for defendant on its equitable counterclaim, in the sum of $601.20, and decreed that such judgment should be a lien on the trailer and ordered issuance of execution therefor, together with costs "in this cause."

Whether defendant filed a motion for a new trial in the replevin suit and appealed, if unsuccessful, we are not advised in the transcript filed by appellant. Plaintiff filed a motion for new trial on the equitable judgment for defendant, in the sum of $601.20, and, when that motion was overruled, filed notice of appeal to this court.

Concededly, the transcript in this case does not include all of the evidence in the replevin suit. The plaintiff (appellant here) con-

tends that such evidence is not necessary to a determination by this Court of the propriety of the equitable judgment against plaintiff on defendant's equitable counterclaim; that such counterclaim was submitted to the jury in the replevin suit, although the trial court refused to submit to the jury defendant's counterclaim, in refused instruction No. 9, the jury found for plaintiff and against defendant in that suit.

Defendant (respondent here) contends that all of the evidence in the replevin suit is necessary before this Court can be in a position to determine whether or not the judgment appealed from was properly rendered.

Rule 1.04, promulgated by the Supreme Court, provides:

"The transcript on appeal, required by Section 135 (1943 Act), as amended, shall always include, in chronological order, the pleadings upon which the action was tried, the verdict, the findings of the court or jury, the judgment or order appealed from, motions and orders after judgment, and the notice of appeal, together with their respective dates of filing or entry of record, * * *.

"The transcript shall also contain all of the record, recitals, proceedings, and evidence necessary to the determination of all questions to be presented to the appellate court for decision, including objections or requests made as required by Section 122 (1943 Act), as amended, instructions, motions, orders, rulings, and other matters to which objection is taken. The evidence shall be set forth in the order received in the trial court."

The transcript in this case is signed by attorney for plaintiff (appellant) only, and also by the trial judge. It is not signed by defendant (respondent) nor his attorneys at all. Section 135 (a) of the Laws of Missouri for 1943, page 393, provides that:

"When said transcript of the record has been agreed to by the parties, or by the judge, * * * : provided, however, that the appellant and respondent, or their attorneys, may agree in writing upon an abbreviated or partial transcript of the evidence, either in narrative form, or in question and answer form, and the same shall be deemed and taken as sufficient on such appeal, and shall by the clerk be incorporated in the transcript of the record and certified and transmitted by said clerk to the proper appellate court, instead of the bill of exceptions mentioned above." See State ex rel. v. Seehorn, Judge, 188 S. W. (2d) 657, 354 Mo. 170.

That section undoubtedly refers to the full transcript as to what occurred in the trial court, since the same section later provides that the transcript may be shortened, when agreed to by the parties.

The trial judge is quoted as having said:

"The Court having heard the evidence on Defendant's equitable counter claim now pronounces judgment for Defendant on said counter claim as follows:

$ 50.00 for loss on new tractor

101.20 loss on selling Plaintiff's tractor

200.00 for tires furnished by Defendant for Plaintiff's trailer, and

250.00 for Defendant selling Plaintiff's tractor making a total judgment for Defendant against the Plaintiff in the amount of $601.20 on Defendant's equitable counter claim herein."

It is very apparent that there could be no finding, on the transcript before us, that the loss on a new tractor was $50.00; that the loss on selling plaintiff's tractor was $101.20; that the item of $200.00 for tires furnished plaintiff by defendant was correct, or $250.00 was proper for selling plaintiff's tractor. Those items could not be determined by the trial judge, without evidence. Such evidence may have been offered in the replevin case. Without that evidence, there is no way in the world for this Court to tell whether the equitable allowances, made by the trial judge, were justified by the evidence.

Since defendant (respondent) has not agreed to a shortform transcript and has not agreed that the necessary evidence is shown by the transcript filed in this case by appellant, there is nothing left for this Court to do, except to dismiss appellant's appeal.

Such is accordingly our order. *Vandeventer, P. J.,* and *McDowell, J.,* concur.