245 S.W.2d 94 (1951)
BRAND
v.
BRAND et a).
No. 42626.
Supreme Court of Missouri, Division No. 1.
December 10, 1951.
Rehearing Denied January 14, 1952.
*95 Horace Merritt, St. Joseph, for appellant.
J. V. Gaddy, St. Joseph, and Gene Thompson, Maryville, for respondents.
PER CURIAM.
Plaintiff below appealed from a judgment overruling his motion in the nature of a writ of error coram nobis. He filed here a purported transcript of the record certified only by his attorney. Respondents, defendants below, filed a motion to dismiss the appeal for failure to file a properly verified transcript. Appellant filed a reply to such motion.
The judgment below, as set out in the purported transcript, recites that the trial court considered plaintiff's motion, conducted a hearing and heard evidence and argument of counsel for both parties upon plaintiff's motion. The allegations of respondents' motion to dismiss the appeal and the admissions made in appellant's reply thereto also show that the transcript filed is an abbreviated transcript.
The motion to dismiss must be sustained. Sec. 512.110, Mo.R.S. 1949, Sec. 847.135, Mo.R.S.A, provides only two methods of verification of the transcript of record on appeal. If the parties agree that the transcript "correctly includes all of the record, proceedings and evidence," a complete transcript need not be approved by the trial court. But the trial court must approve an abbreviated transcript or a complete transcript upon failure of the parties to agree that it is a complete transcript. The transcript appellant filed here bears neither the parties' written agreement nor the trial court's approval.
Furthermore, respondents in their motion allege, and appellant in his reply admits, that respondents' counsel refused to agree to this transcript because it was not "complete and correct" in that it did not include all the evidence. It is also conceded that the trial judge refused to approve the transcript when same was submitted to him. In the event of "any dispute concerning the correctness of any transcript, or any part thereof, or if the parties fail to agree within a reasonable time as to its correctness, the transcript shall be settled and approved by the trial court." Sec. 512.110, Mo.R.S. 1949, Sec. 847.135, Mo.R.S.A. This applies to complete transcripts as well as to abbreviated transcripts. The "correctness" of any alleged complete transcript is involved either where the adverse party expressly refuses to agree, or where the parties fail within a reasonable time to agree, that the transcript is a complete one. In either instance, there is a "dispute concerning the correctness" which the trial court must resolve.
In his reply, appellant makes an unusual request. As stated, the judgment below recites that the trial court heard evidence upon plaintiff's motion. The pleadings in this court show that respondents' refusal to agree to appellant's transcript was based upon the omission of all such evidence. Appellant alleges that he offered to include "whatever statement of evidence or testimony in narrative form" respondents' counsel would prepare, but that his offer was refused.
Appellant does not deny that respondents demanded that appellant include all of the evidence. But, he says, he "does not know what testimony or what evidence respondents refer to." He denies the materiality of any of the evidence "to any issue here." However, he asks us to consider this transcript and, "respondents by their answer having admitted the correctness of the transcript with the exception of the matter of evidence, if it appears possible to this court that any testimony or any evidence could be material to any issue here, * * * and if, in the opinion of this court such evidence is properly required to be included in the transcript, plaintiff-appellant then respectfully requests that defendants-respondents designate or identify the testimony or evidence which they desire to have included and plaintiff-appellant will then include same, subject to the costs thereof being taxed against respondents as provided by the statutes and rules of this court applicable thereto." Again: "If it appears possible to this court that any testimony or any evidence could be material to any issue here, * * * that the plaintiff-appellant be allowed * * * to amend this transcript after defendants-respondents have *96 been required to designate with particularity, sufficient to identify whatever evidence or testimony they have reference to in their motion." (Our italics.)
It is the duty of an appellant to file a true and correct transcript containing "all of the record, proceedings and evidence necessary to the determination of all questions to be presented to the appellate court for decision by either appellant or respondent". Sec. 512.110, Mo.R.S.1949, Sec. 847.135, Mo.R.S.A. That statute requires an appellant, upon the direction of the respondent, to "include all of the evidence in the case". However, instant appellant even now declines to perform his duties. Instead, he asks us to consider his transcript and determine the materiality "to any issue here" of evidence he has refused to bring before us. In other words, he would have us rule the relationship of unknown facts to unknown issues. Compare Walker v. Missouri White Motors, 240 Mo.App. 1044, 227 S.W.2d 762.
Nor is there merit in appellant's request that we "require respondents to designate with particularity or to identify what portions of the evidence they desire to have included." Supreme Court Rule 1.04 authorizes but does not require a respondent, dissatisfied with an appellant's transcript, to file "such additional part of the record as he deems necessary." We do not construe this as depriving a respondent of the right to move for the dismissal of the appeal for appellant's failure to perform his duties or as requiring a respondent to complete an appellant's incorrect or defective transcript. See Redler v. Travelers' Ins. Co., 342 Mo. 677, 117 S.W.2d 241, construing a similar provision of our former rules. This provision of Rule 1.04 must be construed as meaning a supplemental transcript as authorized by Sec. 512.110, Mo.R.S. 1949, Sec. 847.135, Mo.R.S.A. Nor is there a duty upon the appellate court to complete an incorrect transcript although it does have discretion in the matter. Whealen v. St. Louis Soft Ball Ass'n, Inc., 356 Mo. 622, 202 S.W.2d 891.
The appeal is dismissed.