TRUCK INSURANCE EXCHANGE, an Inter-Insurance Exchange, by Truck Underwriters Association, Attorney in Fact, a corporation, Plaintiff-Respondent,

v.

GREAT NORTHERN ELECTRIC COMPANY, Inc., a corporation, Defendant-Appellant.

No. 22296.

Kansas City Court of Appeals.

Missouri.

Nov. 7, 1955.

J. K. Owens, Kansas City, for appellant.

Richard H. Heilbron, Kansas City, for respondent.

CAVE, Judge.

This is an action in two counts seeking to recover certain premiums alleged to be due on two insurance contracts. The cause was tried before the court without a jury, resulting in a finding for the plaintiff on the first count for the sum of $1,985.71 and a finding for the defendant on the second count. Judgment was entered accordingly. Plaintiff filed no motion for new trial upon the finding on the second count, but instead elected to abide the finding and judgment of the court. However, defendant filed a motion for new trial as to the finding and judgment on the first count. The motion being overruled, defendant perfected its appeal to this court. Under such circumstances, we need not consider any issues raised by the second count.

In the first count plaintiff seeks to recover certain premiums alleged to be due on a workmen's compensation policy issued to

the defendant. It is charged that the policy became effective September 1, 1950; that in consideration thereof defendant agreed to pay plaintiff monthly premiums; that the exact amount of said premiums was to be determined by defendant's gross amount of business as computed by monthly audits; that defendant agreed to furnish monthly reports on the gross amount of its business for the purpose of computing said premiums; that said policy was cancelled effective September 1, 1951; that from April 1, 1951, until September 1, 1951, defendant failed and refused to furnish any audits to plaintiff for the purpose of computing premiums for said period; that defendant has failed and refused to pay any part of the premiums for said period, although demand was made therefor; and that the plaintiff believes that the correct amount of premiums due for said period is $1,985.71.

The answer was a general denial.

On appeal the defendant urges that the court erred in admitting in evidence, over its objection, plaintiff's Exhibit 3, and that if said exhibit was improperly admitted, then there is no substantial evidence to support the judgment. This is the only point preserved.

This being an action at law, tried without the services of a jury, we will review the case upon both the law and the evidence as in actions of an equitable nature, and will not set aside the judgment unless it is clearly erroneous. Section 510.310 RSMo 1949, V.A.M.S.

The only witness to testify was Mr. Laton Johnson. He stated that he was the office manager of the plaintiff in Kansas City and that the policy in controversy was issued through his office; that the policy was effective September 1, 1950, and was cancelled effective September 1, 1951; that the manner by which premiums are computed on policies of this type is "strictly on the basis of payroll by the employer to his employees"; that the plaintiff usually relies upon the voluntary payroll information furnished by the policy holder; that the defendant furnished such audits from Sep-

tember 1, 1950 to April 1, 1951, a period of seven months, but failed and refused to furnish such information for the remaining five months of the life of the policy; that plaintiff "called on an outside auditing firm to make a payroll audit"; that in computing the balance of the premiums claimed to be due, he relied upon the audit supplied by the independent auditing firm. He was then shown what had been marked as plaintiff's Exhibit 3 and identified it as "the audit work sheets furnished us by our independent auditing firm * * *". * * "Q. Is that an original copy? A. That is the original copy. Q. Is the signature on the back of that a person known to you? A. Yes. Q. I will ask you whether you knew personally the man whose signature is at the close of this? A. I am familiar with his work, but I don't know him personally." The exhibit is before us and purports to be signed by some "auditor". It also purports to bear the signature of the defendant written by "R. L. Bank". Witness Johnson could not identify that signature as being any one connected with defendant.

It is perfectly apparent that the witness did not know the person making the audit and could not identify the signature of the "auditor" or the signature of the purported agent of the defendant. He had no independent knowledge or information as to the correctness of the audit. The exhibit was the work product of a third person not connected in any way with the defendant. Under these circumstances, it was not properly identified, is clearly hearsay and inadmissible.

As stated in Wigmore on Evidence, Vol. VI, Sec. 1766(3d Ed.), " * * * the theory of the hearsay rule is that, when a human utterance is offered as evidence of the truth of the fact asserted in it, the credit of the assertor becomes the basis of our inference, and therefore the assertion can be received only when made on the stand, subject to the test of cross-examination". The general rule which excludes hearsay as evidence applies to written as well as oral statements. In other words, a writing may

be hearsay and inadmissible as such unless an exception to the hearsay rule renders it admissible. 20 Am.Jur., Evidence, Sec. 455, page 403; Baker v. Atkins, Mo.App., 258 S.W.2d 16, 20. Exhibit 3 does not come within any of the exceptions to the hearsay rule.

We have examined the authorities cited by the plaintiff and find them wholly inapplicable to the question presented by this record.

■■ It is conceded that if Exhibit 3 was improperly admitted in evidence, then there is no substantial evidence to support the finding and judgment on the first count which would require a reversal of the judgment. However, it is a settled practice of appellate procedure that a judgment should not be reversed for failure of proof *without remanding,* unless the record indicates that all of the facts were fully developed and that no recovery could be had in any event. Lance v. Van Winkle, 358 Mo. 143, 213 S.W.2d 401; Smith v. St. Louis Public Service Co., Mo.App., 252 S.W.2d 83, 87. Under the particular factual situation presented in the instant case, we are not prepared to say that no recovery could be had in any event on count one, and in the interest of justice the judgment should be reversed and the cause remanded for a new trial on count one.

■ Under such circumstances the rule is that where a petition contains two or more counts, and error is especially found to have been committed as to only one or more of them, while the judgment, being an entirety, will necessarily be reversed in its entirety, yet if the several counts are independent, distinct, and capable of separation, the finding of the court or the verdict of the jury will be held in abeyance as to any count or counts which may have been free from error, or from which no appeal has been taken, and the retrial will be limited to the count or counts as to which error was committed. Denny v. Guyton, 327 Mo. 1030, 40 S.W.2d 562; Hall v. Martindale, Mo.App., 138 S.W. 2d 657, 660; Connoley v. Beyer Crushed Rock Co., 355 Mo. 684, 197 S.W.2d 653, 656.

·It follows that the judgment is reversed and the cause remanded for a retrial on count one of the petition, with direction to the trial court to hold in abeyance the finding as to count two until the trial is concluded, at which time final judgment may be entered disposing of the whole case as to all the issues. It is so ordered.

All concur.