Jennie Lee Williams JONES, Respondent,

v.

Harold STUBBLEFIELD, Appellant.

No. 22288.

Kansas City Court of Appeals.

Missouri.

Nov. 7, 1955.

J. K. Owens, Kansas City, for appellant.

O. J. Adams, Kingston, J. E. Story, Cameron, for respondent.

BOUR, Commissioner.

This is a suit in equity to foreclose a judgment lien on certain real property. Harold Stubblefield, the alleged owner of the property, and Coy Mae Foster were

joined as defendants, but the cause was dismissed as to Coy Mae Foster. The court found the issues in favor of plaintiff and entered a judgment in accordance with the prayer of her petition. Harold Stubblefield's motion for a new trial was overruled, and he filed notice of appeal. The amount in dispute is $3,585.

We are confronted at the outset with respondent's motion to dismiss the appeal for failure to file a properly verified transcript. This motion was taken and submitted with the case. Respondent alleges in her motion, inter alia, that "appellant, Harold Stubblefield, has failed to file in this Court a properly verified transcript on appeal as required by Section 512.110 of the Revised Statutes of Missouri, 1949 [V.A. M.S.], Section 847.135, Mo.R.S.A."; that the "purported transcript filed in this Court on April 29, 1955, is not complete and correct and does not include all of the evidence"; that "a copy of said purported transcript was delivered to and received by attorneys for respondent on April 28, 1955, and the original of said purported transcript was filed in this Court April 29, 1955, by appellant, Harold Stubblefield, before being agreed to by respondent as a true and correct transcript on appeal in said cause"; and that "counsel for respondent refuse to agree to the said transcript as being true and correct, and the trial judge, Honorable Ray Weightman, has not approved the same." Appellant filed a reply to respondent's motion. It is conceded that the transcript filed in this court on April 29, 1955, is not a "complete" transcript; that it was not agreed to by the parties; and that it was not approved by the trial court.

In Brand v. Brand, Mo.Sup., 245 S.W.2d 94, the appellant filed an abbreviated transcript, and the respondent filed a motion to dismiss the appeal for failure to file a properly verified transcript. The court, in dismissing the appeal, said, loc. cit. 95:

"The motion to dismiss must be sustained. Sec. 512.110, Mo.R.S.1949, Sec. 847.135, Mo.R.S.A., provides only two methods of verification of the transcript of record on appeal. If the parties agree that the transcript 'correctly includes all of the record, proceedings and evidence,' a complete transcript need not be approved by the trial court. But the trial court must approve an abbreviated transcript or a complete transcript upon failure of the parties to agree that it is a complete transcript. The transcript appellant filed here bears neither the parties' written agreement nor the trial court's approval." The court also stated, loc. cit. 95: "In the event of 'any dispute concerning the correctness' of any transcript, or any part thereof, or if the parties fail to agree within a reasonable time as to its correctness, the transcript shall be settled and approved by the trial court.' Sec. 512.110, Mo.R.S.1949, Sec. 847.135, Mo.R.S.A. This applies to complete transcripts as well as to abbreviated transcripts." See also Connoley v. Beyer Crushed Rock Co., 355 Mo. 684, 197 S.W. 2d 653, 654; State ex rel. National Outdoor Advertising Co. v. Seehorn, 354 Mo. 170, 188 S.W.2d 657; Kissack v. St. Louis Public Service Co., Mo.App., 198 S.W.2d 400; 2 Carr, Missouri Civil Procedure, Pocket Part, sec. 1193, p. 171.

In the instant case, as in the Brand case, supra, the transcript on appeal "bears neither the parties' written agreement nor the trial court's approval." It follows that the appeal should be dismissed, and the commissioner so recommends.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of BOUR, C., is adopted as the opinion of the court. The appeal is dismissed.

All concur.