**TANEY COUNTY, Missouri, Appellant,**

**v.**

**Fred ADDINGTON and Norene Addington, Respondents.**

No. 46003.

Supreme Court of Missouri, Division No. 1.

Sept. 9, 1957.

Robert L. Gideon, Douglas Mahnkey, Forsyth, for appellants.

Rogers & Rogers, G. W. Rogers, Clyde Rogers, Gainesville, for respondents.

HOLMAN, Commissioner.

In this proceeding, Taney County, Missouri, condemned a right of way for a county road across the lands of the defendants, Fred and Norene Addington. The commissioners awarded defendants the sum of $400 as damages and each party filed exceptions. A trial in the circuit court resulted in a verdict and judgment for defendants in the sum of $2,000. Plaintiff appealed the cause to the Springfield Court of Appeals but that court properly transferred the appeal to this court. We have appellate jurisdiction because one of the parties hereto is a county. Article V, Section 3, Constitution of Missouri, 1945, V.A. M.S. Taney County v. Addington, Mo. App., 296 S.W.2d 129.

At the outset we must consider the contention of defendants that the appeal should be dismissed because the transcript filed herein has not been approved by the parties or their attorneys, nor settled or approved by the trial court. An examination of the transcript discloses that at the end thereof the court reporter typed the following recital, "This transcript on appeal is hereby approved this —— day of ——, 1956," and that lines were prepared thereunder for the signatures of the attorneys for plaintiff and defendants. However, no official or attorney has signed the foregoing recital on behalf of plaintiff and neither is it signed by defendants or their attorney. Furthermore, it was not signed, settled, or approved in any manner by the trial court.

The provisions relating to the preparation and filing of the transcript are con-

tained in Section 512.110 RSMo 1949, V.A. M.S. Subsection 3 of that section provides as follows: "If the parties agree that the transcript correctly includes all of the record, proceedings and evidence, it need not be approved by the trial court. If an abbreviated transcript is used, it must be approved by the trial court, which may require any additions considered necessary fully to present the questions raised on appeal. If there is any dispute concerning the correctness of any transcript, or any part thereof, or if the parties fail to agree within a reasonable time as to its correctness, the transcript shall be settled and approved by the trial court." In dismissing the appeal in the case of Brand v. Brand, Mo.Sup., 245 S.W.2d 94, 95, we stated: "Sec. 512.110, Mo.R.S.1949, Sec. 847.135, Mo.R.S.A., provides only two methods of verification of the transcript of record on appeal. If the parties agree that the transcript 'correctly includes all of the record, proceedings and evidence,' a complete transcript need not be approved by the trial court. But the trial court must approve an abbreviated transcript or a complete transcript upon failure of the parties to agree that it is a complete transcript. The transcript appellant filed here bears neither the parties' written agreement nor the trial court's approval. * * * The 'correctness' of any alleged complete transcript is involved either where the adverse party expressly refuses to agree, or where the parties fail within a reasonable time to agree, that the transcript is a complete one. In either instance, there is a 'dispute concerning the correctness' which the trial court must resolve."

It is apparent from what we have heretofore said that the parties in the instant case have failed to agree as to the correctness of the transcript and appellant has not caused it to be settled or approved by the trial court. Since the appellant has not filed a transcript which has been verified by either of the two methods provided in Section 512.110(3), supra (or in any other manner), it necessarily follows that the appeal must

be dismissed. Brand v. Brand, supra; Evans v. Buente, Mo.Sup., 284 S.W.2d 543; St. Louis Housing Authority v. Evans, Mo. Sup., 285 S.W.2d 550; Jones v. Stubblefield, Mo.App., 284 S.W.2d 886.

However, notwithstanding the fact that we have been compelled to dismiss the appeal, we have examined the purported transcript, ex gratia, and have concluded that there is no merit in plaintiff's appeal. The two points raised in plaintiff's brief are that the verdict of $2,000 was excessive and that the witnesses for defendant (whose testimony is hereinafter discussed) were not shown to be qualified to testify as to the market value of the land.

■■ There was ample evidence to support the verdict. The strip of land taken was 30 feet wide and 2,660 feet long. It divided an 80-acre tract of defendants' land. Harry Webb testified, without objection, that it would cost $1,200 to construct a fence along both sides of the road so that the land could be used for "stock purposes." One Schneider, a farmer living nearby, stated that he was acquainted with the Addington farm and knew what land had been selling for in the neighborhood. He placed the fair market value of the farm before and after the construction of the road at amounts that would authorize a finding that defendants had been damaged in the sum of $4,725. Arthur Hansen, who owned a farm in that vicinity, testified that he had been over the Addington farm and knew what land had been selling for in that neighborhood and the reasonable market value thereof. His valuations of the farm before and after appropriation would indicate that defendants had been damaged in the sum of $2,500. In view of the testimony of these witnesses as to their qualifications, we do not think the trial court abused its discretion in ruling that they were competent to express an opinion as to the market value of the instant farm. State ex rel. State Highway Commission v. Devenyns, Mo.App., 179 S.W.2d 740; Cities Service Gas Co. v. Peak, 227 Mo.App. 515, 54 S.W. 2d 482.

From what we have said it would appear that a review of this cause on the merits would have resulted in an affirmance of the judgment.

The appeal herein is dismissed.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.