**HERTEL ELECTRIC COMPANY, Inc.,**
**Plaintiff-Appellant,**

v.

**Fred GABRIEL, Defendant,**

**and**

**R. L. Butterworth, Defendant-Respondent.**

**No. 7703.**

Springfield Court of Appeals.

Missouri.

Sept. 17, 1958.

Motion to Refile Transcript Overruled
Oct. 3, 1958.

Hale W. Brown, Kirkwood, for plaintiff-appellant.

Robert M. Zeppenfeld, St. Louis, Horace T. Robinson, Waynesville, for defendant-respondent R. L. Butterworth.

STONE, Presiding Judge.

Upon retrial of this action to establish a mechanic's lien, the circuit court (sitting as a jury) entered judgment for $585.58 against defendant, Fred Gabriel, the original contractor (as directed in our opinion upon a prior appeal reported at Mo.App., 292 S.W.2d 95), but denied a lien on the property of defendant, R. L. Butterworth, "on the ground of lack of legal notice of plaintiff's intention to file lien." See Sections 429.100 and 429.110. (All statutory references are to RSMo 1949, V.A.M.S.) Plaintiff has appealed.

**140**

At the outset, we are confronted with the fact that the transcript on appeal, which purports to be a complete one, has not been approved either by the parties or by the trial court. Section 512.110 (3) plainly provides that, "(i)f the parties agree that the transcript correctly includes all of the record, proceedings and evidence, it need not be approved by the trial court," but that "(i)f there is any dispute concerning the correctness of any transcript, or any part thereof, or if the parties fail to agree within a reasonable time as to its correctness, the transcript shall be settled and approved by the trial court." As our Supreme Court pointed out in Brand v. Brand, Mo., 245 S.W.2d 94, 95, "(t)he 'correctness' of any alleged complete transcript is involved either where the adverse party expressly refuses to agree, or where the parties fail within a reasonable time to agree, that the transcript is a complete one." Since plaintiff-appellant has not filed a transcript verified in either of the two methods specifically provided in Section 512.110(3), it is clear that the appeal should be dismissed. Taney County v. Addington, Mo., 304 S.W.2d 842; St. Louis Housing Authority v. Evans, Mo., 285 S.W.2d 550, 553(1, 2); Evans v. Buente, Mo., 284 S.W. 2d 543, 545(2, 3), certiorari denied 350 U. S. 1002, 76 S.Ct. 547, 100 L.Ed. 865; Brand v. Brand, supra; Jones v. Stubblefield, Mo. App., 284 S.W.2d 886; 2 Carr on Missouri Civil Procedure, 1952 pocket part, § 1193, loc. cit. 171. See also Fulton v. City of Lockwood, Mo., 269 S.W.2d 1, 5(4); State v. Richardson, Mo., 315 S.W.2d 139, 140 (2).

Nevertheless, we have examined the tendered transcript ex gratia, and have found that consideration on the merits would lead to the same practical result, i. e., affirmance of the judgment, because of plaintiff's failure to carry its burden to prove one of the alternative statutory prerequisites to the validity of constructive service of notice under Section 429.110. With both the facts and the pertinent legal principles set forth at some length in our prior opinion in this case [292 S.W.2d 95] to which the interested may refer, no useful purpose would be served by repetition here.

Plaintiff's appeal should be and is dismissed.

McDOWELL and RUARK, JJ., concur.