**E. T. STROUP, Plaintiff-Respondent,**

v.

**Joe RADICAN, Defendant-Appellant.**

**No. 7895.**

Springfield Court of Appeals.

Missouri.

Dec. 21, 1960.

Sharp & Hatley, Malden, for defendant-appellant.

Briney & Welborn, Bloomfield, for plaintiff-respondent.

STONE, Presiding Judge.

Plaintiff, E. T. Stroup, has moved to dismiss the appeal of defendant, Joe Radican, from a judgment for $750 entered upon a jury verdict. Although not decisive of the motion to dismiss, it may not be amiss to comment preliminarily concerning defendant's notice of appeal, which was "from the judgment entered in this action on the *20th day of April, 1960*." The judgment against defendant properly was entered on *January 18, 1960*, upon the jury verdict returned on that date. Defendant's motion for new trial, timely filed on January 22, 1960, was "deemed denied" by operation of law ninety days thereafter, to-wit, on *April 21, 1960*. Rule 78.04, formerly § 510.360.[1] Since, as our appellate courts have pointed out from time to time over a period of more than fourteen years, an appeal such as this necessarily is from the judgment and not from the overruling of the motion for new trial [Terrell v. Missouri-Kansas-Texas R. R. Co., Mo., 303 S.W.2d 641, 649], defendant must have sought to have appealed from the judgment entered on *January 18, 1960*. Although "it seems to us that all members of the bar should now be prepared to take appeals in compliance with the statute [§ 512.020], and cease to be content with *attempts* to do so in good faith" [Terrell v. Missouri-Kansas-Texas R. R. Co., supra, 303 S.W.2d loc. cit. 649], we again, but with the same hesitancy and reluctance, treat this defective notice of appeal as a bona fide attempt to comply with the governing statutory provisions. In re C———, Mo.App., 314 S.W. 2d 756, 759(6, 7).

Defendant's transcript on appeal was not filed in this court "within 90 days from the date of filing of the notice of appeal" [Rule 82.18, formerly § 512.130], i. e., within 90 days after April 28, 1960; but, on October 13, 1960, the trial court entered an order granting defendant-appel-

lant "ninety (90) days from the 18th day of July, 1960, to file transcript on appeal in this cause." The time for filing the transcript on appeal may be extended by the trial court for a period of not longer than six months after the date of filing of the notice of appeal [Rule 82.19], and such order of extension may be made *after* expiration of the initial period of ninety days (but, of course, within the maximum period of six months) "where (appellant's) failure to act was the result of excusable neglect." Rule 44.01, subd. (b) (2); Clader v. City of Neosho, 354 Mo. 1190, 1191–1192, 193 S.W.2d 620, 621; Gilstrap v. Gordon, Mo.App., 319 S.W.2d 278, 279(1); Bailey v. City of Charleston, Mo.App., 204 S.W. 2d 500. So, we reject plaintiff's-respondent's contention that the Circuit Court of Scott County "was without jurisdiction to make" the order of October 13, 1960. And, although we have no knowledge as to the averments in the application for an extension of time admittedly filed by defendant-appellant in the trial court or as to the showing made in support of that application, we indulge, in the absence of any suggestion to the contrary, the presumption of right acting on the part of the circuit court, a court of general jurisdiction, in granting the requested extension. Prudot v. Stevens, Mo.App., 266 S.W.2d 756, 762(8, 9); Suburban Bank of Kansas City v. Proposed Jackson Co. State Bank, Mo. App., 326 S.W.2d 420, 424(2).

However, the order of October 13 plainly extended the time for filing the transcript for "ninety (90) days from the 18th day of July, 1960," or *until October 17, 1960,* since the ninetieth day after July 18 was Sunday, October 16. Rule 44.01, subd. (a). A purported transcript was filed with us on *October 24, 1960*. That filing was not within the time permitted by the order of October 13, the *only* order of extension sought or obtained by defendant-appellant either in the circuit court or in this court.

---

1. All references to rules are to the Rules of Civil Procedure effective April 1, 1960, as they appear in Vernon's Annotated Missouri Rules, and all references to statutes are to RSMo 1949, V.A.M.S.

Although this would, in and of itself, afford ground for dismissal of the appeal [School Dist. No. 24 v. Mease, Mo.App., 193 S.W.2d 513], except for another gross and inexplicable violation of the basic requirements of appellate procedure, we yet might invite an application to this court for further extension of time in order that the cause might be fully briefed and orally argued. Cf. Connoley v. Beyer Crushed Rock Co., 355 Mo. 684, 197 S.W.2d 653, 654–655(2, 3); Costello v. Goodwin, 240 Mo.App. 538, 210 S.W.2d 375, 376–378.

But, the transcript on appeal tardily deposited with us, which purports to be a complete one, has not been approved either by the parties or by the trial court. Rule 82.12, subd. (c) [formerly § 512.110(3)], clearly provides that, "(i)f the parties agree that the transcript correctly includes all of the record, proceedings and evidence, it need not be approved by the trial court," but that "(i)f there is any dispute concerning the correctness of any transcript, or any part thereof, or if the parties fail to agree within a reasonable time as to its correctness, the transcript shall be settled and approved by the trial court." As our Supreme Court pointed out in Brand v. Brand, Mo., 245 S.W.2d 94, 95, "(t)he 'correctness' of any alleged complete transcript is involved either where the adverse party expressly refuses to agree, or where the parties fail within a reasonable time to agree, that the transcript is a complete one." Since defendant-appellant has not filed a transcript verified in either of the two methods specifically provided in Rule 82.12, subd. (c), his appeal should be dismissed. See Hertel Electric Co. v. Gabriel, Mo. App., 316 S.W.2d 139, 140(1, 2), and cases there collected.

Mindful that "(c)ourt rules are mere ends to the attainment of justice" and that "(c)ourts, about the exalted office of dispensing justice, are not to have their functions starved and atrophied by a mere phrase or rule, in an exceptional case calling for a suspension of the rule as a debt due to justice" [Jeude v. Sims, 258 Mo. 26, 166 S.W. 1048, 1055], a judicial concern which presently finds expression in Rule 79.04, we nevertheless have examined the tendered transcript ex gratia and have reached the considered judgment that determination on the merits would lead to the same practical result, i. e., affirmance of the judgment nisi. Briefly put, plaintiff, "a duly licensed real estate salesman * * * duly and regularly associated with a licensed real estate broker," seeks to recover from defendant, "a duly licensed real estate broker," one-half of a commission of $1,500 admittedly received by defendant for the sale of a farm. The claim rests on an alleged agreement that, if plaintiff procured a purchaser for the farm, he and defendant would "go fifty-fifty on the commission." Resolution of the case depended upon sharply contested, but relatively simple, issues of fact ably presented by experienced trial counsel and unanimously decided by a jury. Defendant was accorded a fair trial before a capable judge and a jury of his peers. Since the purported transcript reflects no "manifest injustice or miscarriage of justice" invoking or justifying our further consideration, sua sponte, under Rule 79.04, defendant's appeal is dismissed for the reasons hereinbefore discussed.

McDOWELL and RUARK, JJ., concur.